# MALLARD v. HARDWARE INDEMNITY INS. CO. OF MINNESOTA et al.

## No. 11908.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 15, 1948.

Herbert S. Ogden, of Corpus Christi, for appellant.

Boone, Davis & Cox and Allen V. Davis, all of Corpus Christi, for appellees.

NORVELL, Justice.

The appellant, C. W. Mallard, as plaintiff below, brought this action against the Hardware Indemnity Insurance Company of Minnesota and the Hardware Mutual Insurance Company of Minnesota to recover the sum of $740.00 as the actual cash value of the loss of and damage to appellant's Buick car, under a Texas Standard form of automobile collision and upset insurance. The judgment appealed from is based upon a peremptory instruction to the jury to find for the insurance companies.

The facts in this case are somewhat unusual. In 1945 appellant purchased a Buick Sedan. Through a friend of his in Houston, Texas, he secured a collision and upset policy from the appellee companies. This policy was numbered 704859, and covered a period of one year. It expired on July 31, 1946.

Prior to the said expiration date, the companies, in accordance with their customary practice, issued a renewal policy numbered 709667, covering a period of time from July 31, 1946, to July 31, 1947.

Appellant was in the Navy and about the first part of July, 1946, he was transferred from the Main base to Cabaniss Field, which was also a part of the Corpus Christi Naval installation. This resulted in a change of mailing address. Because of this change of address, or for some other reason, the renewal policy, No. 709667, was never received by the appellant.

On August 20, 1946, after the original policy of insurance (No. 704859) had expired, appellant was driving his car on U. S. Highway No. 87, between Big Spring and San Angelo, Texas, when it overturned and was so badly damaged that repair was impracticable. Mallard sold the car in its wrecked condition. At this time appellant was under the impression that his car was not insured. He had not relied upon the companies or their agent to keep his car covered by insurance and bill him for the premiums. The original policy had expired; he had made no application for a renewal policy, and had received none. There is no evidence that he desired a renewal of the original policy. He filed no claim with the insurance companies.

In March, 1947, appellant received the following letter from the credit manager of the appellee companies:

"HARDWARE MUTUAL INSURANCE COMPANY OF MINNESOTA
Address your reply to 2711 Main Street
Houston 4, Texas. C4–4688
March 14, 1947

Mr. C. W. Mallard
A & R Dept.
Div. 1200 N. A. S.
Corpus Christi, Texas

Dear Sir:

Policy 709667, issued in your name, was in full force and effect from 7–31–46 to 1–26–47.

During that period you were protected against loss or damage to the full limits of your contract. The financial strength as well as all the service facilities of Hard-

ware Insurance were behind the contract you held.

During the time the policy was in force, we earned a premium commensurate with the protection given, $22.73 of which is still unpaid. Will you please send us your check for this amount so that the balance remaining on this policy can be cleared from your account with us.

Prompt payment of this unpaid balance will be appreciated. For your convenience, a business reply envelope is enclosed.

> Yours very truly,
> T. J. Holmsley, Jr.
> Credit Manager."

Appellant replied as follows:

> "C. W. MALLARD, AMM 1/c
> NAVAL AUXILIARY AIR STATION,
> CABANISS FIELD
> Naval Air Training Bases, Air Maint.
> Corpus Christi, Texas
> April 3, 1947.

Hardware Mutual Insurance Company of Minnesota

2711 Main Street

Houston 4, Texas.

Dear Sirs:

Last Friday I received your letter of March 14th, saying Policy 709667 was in full force to January 26 of this year and requesting me to send you $22.73 which you say is the balance of the premium you earned on this policy.

I thought the policy expired in July, 1946, and for that reason did not give you notice of an accident I had in the car covered by the policy on August 20, 1946, near San Angelo, Texas, or file a claim for the loss.

I enclose a check of the Corpus Christi Bank and Trust Company for $22.73 on the understanding that you will send me your proof of loss forms and extend my time to file them with you for a reasonable time after I receive them. I will fill them out and return them to you promptly.

Please forward the proof of loss forms to me at the address shown above. I am not at the address of your letter of March 14 any longer.

> Yours very truly,
> C. W. Mallard."

There was further correspondence between the parties which we need not detail. It is sufficient to say that the insurance companies sent an accident report to Mallard requesting that he answer all the questions contained therein and return the same at once. They also requested at least two estimates of the damage sustained by the automobile. Mallard attempted to comply with the insurance companies' requirements and made a trip to San Angelo in order to secure the information requested and attempted unsuccessfully to locate the automobile. The companies retained possession of the $22.73 forwarded by Mallard as the earned premium upon the policy until after the suit was filed. In their answer the insurance companies tendered back to Mallard said sum of $22.73, together with interest thereon. In view of our conclusions hereinafter stated, no further statement is deemed essential.

█ It seems clear that on August 20, 1946 (the date the automobile was damaged), there was no valid binding contract of insurance between the parties. While the insurance companies had made an offer to contract, appellant had not accepted such offer. As above pointed out, appellant was not relying upon the companies or their agent to keep him insured. Consequently there was no contract. Springfield Fire & Marine Ins. Co. v. Hubbs-Johnson Motor Co., Tex.Com.App., 42 S. W.2d 248; Home Ins. Co. v. Lewis, Tex. Civ.App., 55 S.W.2d 207; I Restatement of the Law of Contract § 23; 44 C.J.S., Insurance, § 283, page 1126; 10 Tex.Jur. 40, 29 Am.Jur. 152. Appellant does not take a contrary position. He pleaded that in March, 1947, the date of the letter above set out, the appellees requested appellant to pay the sum of $22.73 "for which Defendants, as they well knew had no legal or enforcible claim against the Plaintiff."

Appellant's claim for recovery is seemingly based upon the theory of an acceptance of appellees' offer *after* the automobile had been damaged, or upon the supposition that appellees are estopped to contend that there was no valid contract covering the loss sued for.

In our opinion the case of Alliance Insurance Co. v. Continental Gin Co., Tex. Com.App., 285 S.W. 257, 258, precludes a recovery by appellant upon the theories mentioned. In the cited case a fire insurance policy was involved, but the holdings set forth in the opinion are applicable to the type of insurance policy here involved. We quote from said opinion, which was prepared by Judge Luther Nickels:

"Property in esse (with exceptions immaterial here) is the basis of a contract of or for fire insurance. A substantial element is the chance of loss. If either thing be absent (i. e. if there be no property originally or chance of loss be precluded by the certainty incident to pre-occurring fire), the insurance company is in the absurd position of freely offering to pay a large and certain sum (here $10,500) if the insured will pay to it the comparatively insignificant amount of the premium (here, $341.20). Stated another way: In consideration of present payment by one party of the rate named, the other party agrees to pay a larger sum if, and when, a contingency happens; if the contingency does not happen, the one loses the small sum; if it does happen, the other loses the large sum (reduced by the smaller one); and it is entirely nonpermissible to assume that the parties intended to make, or did make, a contract requiring payment of the larger sum if either, or both, of them knew that the contingency, nominally in futuro, had already occurred. When good faith of both parties is assumed and the property does not exist, there is a mutual mistake of fact as to the very subject-matter of the agreement; if the insurer acts in good faith, but the insured knows of the previous destruction, there is present avoiding fraud. Kline Bros. & Co. v. Royal Insurance Co., C.C., 192 F. 378, and authorities there cited; Norwich Union [Fire Ins. Co.] v. Dalton, Tex.Civ.App., 175 S.W. 459. The business of fire insurance has acquired quasi public aspects. Rate regulation has proceeded to the point where improper payment of losses substantially affects the well-nigh common burden. And because of these things, it is our opinion that the public policy would inhibit the making or enforcement of an insurance contract in relation to imaginary property, even where both parties so intend.

"A fortiori, ratification (rather, adoption) after destruction of the property of that which before the disaster was not a contract of or for insurance is an attempt to do by indirection that which cannot be directly done."

One of the bases for the holdings above set out is that of public policy. It follows that no contract contrary to public policy can be enforced by way of estoppel.

For the reasons stated, we are of the opinion that the trial court properly instructed the verdict. The judgment appealed from is affirmed.