## METROPOLITAN LIFE INS. CO. v. WHITLER.

## WHITLER v. WHITLER.

No. 9673.

United States Court of Appeals
Seventh Circuit.

Jan. 31, 1949.

632

James R. Hale, of Fayetteville, Ark., and Roy M. Seeley, of Springfield, Ill., for appellant.

Harold G. Talley and Anthony W. Daly, both of Alton, Ill., and Thomas F. Butt, of Fayetteville, Ark., for appellee.

Before MAJOR, Chief Judge, KERNER, Circuit Judge, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This was an interpleader suit. Plaintiffs, corporations of the States of New York, Connecticut and Virginia, respectively, filed their complaint against Helen Marie Whitler, a citizen of the State of Illinois, and Ruth L. Whitler, a citizen of the State of Arkansas, to have determined conflicting claims under a policy of insurance issued by the Metropolitan Life Insurance Company, whereby it agreed to pay to the beneficiary named therein, upon the death of Isaac E. Whitler, an employee of Shell Oil Company, the sum of $4,500. The existence of the requisite jurisdictional amount, the diversity of citizenship of the adverse claimants, and the disinterestedness of plaintiffs made the remedy of the Interpleader Act [1], available to the insurer. Treinies v. Sunshine Mining Co., 308 U. S. 66, 60 S.Ct. 44, 84 L.Ed. 85; Federal Life Ins. Co. v. Tietsort, 7 Cir., 131 F.2d 448.

Isaac E. Whitler died on February 26, 1947. Helen is his daughter and Ruth is his widow. Each defendant claimed to be the beneficiary. Helen based her claim to the fund on the ground that she was named as the beneficiary in the policy. Ruth claimed that she had been named as beneficiary in the application for the policy and hence was entitled to the fund. The trial judge made special findings of fact, rendered his conclusions of law thereon, and entered a decree awarding Helen Marie Whitler the money deposited by Metropolitan in the court's registry. To reverse the decree, Ruth L. Whitler appeals.

The facts are undisputed. On March 21, 1944, Isaac, an employee of Shell, pursuant to the terms of Group Life Insurance Policy No. 9960-G, issued by Metropolitan to Shell, filed with Shell a written application for a policy of insurance in which he designated appellant as the beneficiary. The record is silent as to any later and different application made and filed by him. Under this group policy, Metropolitan, about April 1, 1944, issued and delivered to Isaac the policy involved herein. This policy Isaac retained in his possession until his decease. The policy named appellee as beneficiary. Isaac knew and was fully aware that appellee was named as beneficiary in the policy and accepted the policy with knowledge that appellee was so named as beneficiary. After Isaac's death the policy was found in his safety-deposit box, to which appellant had access. She had examined the policy during Isaac's lifetime and knew that appellee's name appeared therein as beneficiary. The court concluded that even if Isaac did originally intend that appellant should be the beneficiary, by his acceptance and retention of the policy it must be presumed that he changed his mind and concluded to accept the contract tendered by the insurer.

Upon oral argument, counsel for appellant stated that the only question in this appeal is whether appellant is entitled to the fund because she was named as beneficiary in the application under the provisions of the group policy. She calls attention to the fact that section 3 of the group or master policy provides that an employee may become insured thereunder only by making written request to the employer on a form furnished by the insurance com-

---

[1] 28 U.S.C.A. § 41 (26) [now §§ 1335, 1397, 2361].

pany, and argues that the individual policy issued to Isaac was not a part of the contract of, or necessary to, the insurance, but that the master policy constitutes the contract of insurance. She cites cases where the certificate issued by an employer was merely evidence of the employee's participation in a group plan, and not a policy issued by an insurance company. Such cases are not in point and it would serve no useful purpose to discuss them. Here, Metropolitan issued its own insurance policy in which it certified that Isaac E. Whitler was insured for $4,500 and agreed that if he died while in the employ of Shell and while insured under the group policy, the amount of insurance at the date of his death would be paid to Helen Marie Whitler.

In consideration of appellant's contention it is well to remember that the same rules of construction apply to group insurance as to other forms of insurance. Howard v. Aetna Life Ins. Co., 329 Ill. App. 248, 255, 67 N.E.2d 878. The law is well settled that an application for life insurance itself is not the contract, but is a mere offer or proposal for a contract of insurance. It is merely a step in the creation of the insurance contract. 29 Am. Jur. p. 152. And where the insurance company tenders a policy at variance with the application, the tender constitutes a counter-offer, and upon acceptance of the policy by the insured, there is a meeting of the minds and the policy becomes the contract between the insured and the insurance company. 44 C.J.S., Insurance, § 232, page 972. See also Minnesota Mut. Life Ins. Co. v. Newman, Tex.Civ.App., 157 S.W.2d 667, 671. While it is true that an individual certificate or policy of group life insurance issued and delivered to an insured employee is an integral part of the master policy, yet the provisions of the individual policy govern in determining the beneficiary entitled to the proceeds of the policy upon the death of the insured employee. Baker v. Prudential Ins. Co., 279 Ill. App. 5; Wing v. John Hancock Mut. Life Ins. Co., 314 Mass. 269, 49 N.E.2d 905, 906. The application confers no right on the beneficiary named therein, and it has been held that even where an application

is made a part of the policy and there is an irreconcilable conflict between the application and the policy issued, the provisions of the policy control. Burt v. Burt, 218 Pa. 198, 67 A. 210, 211; Aetna Life Ins. Co. v. Phillips, 10 Cir., 69 F.2d 901, 904. Moreover, receipt and retention of a policy with knowledge as to whom it is payable constitutes ratification and it is accepted as written. McFadden v. Equitable Life Assur. Soc., 351 Pa. 570, 41 A.2d 624; Woehr v. Travelers Ins. Co., 134 N.J.Eq. 38, 34 A.2d 136.

We conclude that the District Court did not err in awarding the proceeds of the policy to appellee. Accordingly the decree is affirmed.