**Ethel JACOBSON, Executor under the Last Will and Testament of Ralph P. Jacobson, Deceased, Plaintiff-Appellant,**

**v.**

**MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant-Appellee.**

**No. 12598.**

United States Court of Appeals
Seventh Circuit.

Nov. 13, 1959.

---

Moses Levitan and Theodore J. Levitan, Chicago, Ill., for plaintiff-appellant.

Neil McKay, Chicago, Ill., Haughton Bell, New York City, George B. Christensen, Chicago, Ill., for defendant-appellee, Winston, Strawn, Smith & Patterson, Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

Ralph P. Jacobson, the insured, filed this action in 1957 in an Illinois state court against Mutual Life Insurance Company of New York, the insurer, to recover payments of disability income alleged to be due from 1952 under an insurance policy issued by insured on his life in 1931. Subsequently, the action was removed to the United States District Court for the Northern District of Illinois, Eastern Division. Before the district court both plaintiff and defendant filed motions for summary judgment supported by affidavits and plaintiff's deposition. While these motions were pending, the insured died; and his executor was substituted as plaintiff. Thereafter, the trial court denied plaintiff's motion and entered summary judgment for defendant pursuant to its motion, from which plaintiff now appeals.

The relevant facts are not in dispute and reveal the following:

In December, 1931, Jacobson executed an application for an insurance policy with appellee, defendant insurance company. The application was for $10,000 life insurance and requested an unspecified amount of level disability benefits, double indemnity benefits, and waiver of premium benefits.

The application further stated:

"10. It is agreed that if the Company is unwilling to issue a policy for plan and amount applied for, this application shall be for such plan and amount as may be issued by the Company."

The policy delivered to Jacobson contained provisions for death benefits, double indemnity, and waiver of premium; but it made no mention of level disability benefits which were denied because Jacobson could not meet the requisite physical qualifications. The application was returned to Jacobson attached to and as a part of the policy, and the latter stated that the "policy and the application * * * constitute the entire contract."

At that time defendant's agent did not notify Jacobson that the policy as issued did not contain all the requested coverage.

Jacobson did not read or examine the policy but paid the correct premiums on the coverage for death, double indemnity, and waiver of premium benefits from 1931 until 1952, at which time he became permanently disabled. He then discovered that the policy did not contain disability benefits and instituted this action.

Jacobson sought to have the court enter judgment declaring that the contract contains disability provisions and that he recover disability payments at the rate of $100 per month from July, 1952 to August, 1957.

In sustaining defendant's motion for summary judgment, the trial court found that plaintiff was actually seeking a reformation of the insurance contract and that the requisite elements of mistake by Jacobson and fraud or inequitable conduct by defendant were not present. Cf. Camilla Feed Mills v. St. Paul Fire & Marine Ins. Co., 5 Cir., 1949, 177 F.2d 746, 13 A.L.R.2d 705. Further, even if these elements were present, the district court found nothing in the complaint or plaintiff's deposition which would indicate the nature of the contract plaintiff contends was entered into but not included in the policy.

On appeal, plaintiff contends that the nature of his action is not reformation, but that he is merely asking for a declaration of his rights presently contained in the application and policy. He agrees that the policy as delivered by defendant is a counteroffer since it differs in coverage from the application and that his payment of premiums for twenty-one years was acceptance of that counteroffer. Nevertheless, he asserts that there was a duty on the part of defendant insurance company to notify him of its unwillingness to provide the coverage requested, even though the application reserved such right to defendant; and, further, that in the absence of such notification, his coverage must include all that he requested in the application.

█ The law of Illinois does not impose such a duty of express notification upon insurance companies under the circumstances found in this case. Cf. Gregoric v. Prudential Ins. Co., 1911, 165 Ill.App. 570. As the court said in Pollock v. Connecticut Fire Ins. Co., 1935, 362 Ill. 313, at page 320, 199 N.E. 816, at page 820: "Unless he has been misled by some act of the insurer, it is generally held that a person who accepts and retains the possession of an insurance policy is bound to know its contents."

In a case involving a conflict between the beneficiary named in the application and the beneficiary named in the policy, this court said in Metropolitan Life Ins. Co. v. Whitler, 7 Cir., 1949, 172 F.2d 631, at page 633: "The law is well settled that an application for life insurance itself is not the contract, but is a mere offer or proposal for a contract of insurance. It is merely a step in the creation of an insurance contract. 29 Am.Jur. p. 152. And where the insurance company tenders a policy at variance with the application, the tender constitutes a counter-offer, and upon acceptance of the policy by the insured, * * * the policy becomes the contract between the insured and the insurance company. 44 C.J.S. Insurance § 232, p. 972." (Citations omitted.)

█ In the instant case the application for disability benefits was declined; the scope of the coverage provided was clearly stated on the first page of the policy; there was a simple statement in the application that it was at the insurance company's option to grant the requested coverage; the policy was accepted by the insured who paid the correct premiums for the benefits described in the policy for twenty-one years. Under these circumstances, it cannot be said that the insurance company misled the insured or was under any duty to notify him that a part of the requested coverage was refused.

We hold that the coverage to which the parties objectively agreed did not include level disability payments. We have considered other propositions of general insurance law advanced by appellant and find no fault with them. However, they are not controlling on the issue under consideration.

We find no error in the action of the district court in granting defendant's motion for summary judgment, and the judgment below is

Affirmed.