JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY *vs.* DONALD H. DIETLIN *et al.*

APRIL 6, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

Joslin, J. This is a bill in equity to declare null and void a policy of life insurance issued by the complainant insuring the lives of Donald H. and Charlotte R. Dietlin, husband and wife, and their minor children, Donna J., Paula R., and Patricia A. Dietlin, all of whom are respondents, as well as the life of Kathleen B. Dietlin, deceased. After appointment of a guardian ad litem to represent the interests of the minor respondents, the cause was heard on bill, answer and proof by a justice of the superior court who entered a decree declaring the policy to be null and void, ordering the respondents to surrender it to the complainant for cancellation, and granting the complainant other incidental relief. In addition the complainant was directed by the decree to refund to the respondents the sum of $14.60, being the amount of the premium paid at the time of the execution of the application for the policy. From that decree the respondents have appealed to this court.

The material facts are not in dispute. The application for the policy was made by Donald H. Dietlin, hereinafter sometimes referred to as the "insured," and is dated February 28, 1959. Listed therein for inclusion as insured lives in the policy were all of respondents as well as Kathleen, and in reference to the latter the application states that "About 2 months ago Kathleen had pneumonia after which her heart was impaired & has been treated at St Joseph's Hosp. Prov R I since then." In the course of the preparation of the application, James R. Lockett, complainant's soliciting agent, questioned whether in the light of her con-

dition Kathleen would be covered in the policy. He told the insured and his wife that Kathleen's name and those of the other minor children were required to be listed on the application, but that he could not assure them that the company would include her as an insured family member.

In the course of the processing of the application by complainant, there was stapled to it a company form designated "Underwriting Data Sheet" on which, under a heading entitled "Company's Action On Application," appear the notations "3-16 Delete Kathleen" and "Deleted Kathleen," the latter having been approved on March 24, 1959.

Thereafter a life insurance policy designating the insured, his wife, and all of their minor children as insured family members was received by Lockett from complainant. Attached to it was a copy of the application and a document designated "Amendment To Application," the former document having been affixed apparently pursuant to clause 19 of the policy which provided in part that "The entire contract between the Company and the applicant consists of the policy and the written application, a copy of which is attached at issue." That amendment, which required the signature of the insured, provided that Kathleen be deleted from the list of the proposed family members on the application and that no coverage should be provided under the policy for her.

Not being able to contact the insured who was not at home when he called, Lockett left the policy and attached documents with the insured's wife and requested that she have her husband execute the amendment. Although the version given by Mrs. Dietlin on this phase of the cause differed slightly from that of Lockett, respondents make no contention that the acceptance by the trial justice of the Lockett version was either clearly wrong or that in accrediting that account he overlooked or misconceived any evidence. In those circumstances in accordance with our

518

well-settled rule his finding on that issue is conclusive. *Walther* v. *McOsker*, 87 R. I. 386.

The amendment had not been signed by the insured when Kathleen died on April 2, 1959 and subsequent refusals so to do resulted in the instant suit being brought.

The only question is whether the insurance policy is in effect.

In the formation of a contract of insurance as in other contracts there must be a manifestation of mutual assent in the form of an offer or proposal by one party and an acceptance thereof by the other. 44 C.J.S. Insurance §§231-232(a), p. 968. Ordinarily, the application for a policy is the offer, 29 Am. Jur., Insurance, §197, p. 587, and before a contractual relationship can come into being the offer must be unconditionally accepted. *Thurber* v. *Smith*, 25 R. I. 60. An acceptance which is equivocal or upon condition or with a limitation is a counteroffer and requires acceptance by the original offeror before a contractual relationship can exist. *Cavanaugh* v. *Conway*, 36 R. I. 571; *Millard* v. *Martin*, 28 R. I. 494.

In this case the application or original offer was for a policy insuring the lives of all respondents as well as of Kathleen. The complainant was not required to nor did it accept that offer. Instead it attached the amendment to the contract of insurance, thereby proposing to the insured that there be deleted from the policy one of the lives included in the original application. This constituted a counteroffer and required the unequivocal assent of the insured as a prerequisite to a completed contract. By the terms of such offer that assent could be manifested only by the insured affixing his signature to the amendment. Because that signature was not obtained the counteroffer was not accepted and the policy did not take effect as a contract of insurance. *McDonald* v. *Mutual Life Ins. Co.*, 108 F.2d 32.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Hurley, Moriarty & Moakler, John W. Moakler, John F. Sherlock, Jr.,* for complainant.

*John A. Mutter,* for respondents.