RAYMOND KEDDIE, APPELLANT, v. BENEFICIAL INSURANCE, INC., A NEVADA CORPORATION, AND JERRY McDONALD, RESPONDENTS.

No. 9004

July 12, 1978                                               580 P.2d 955

*Richard H. Bryan,* Las Vegas, for Appellant.

*Cromer, Barker & Michaelson* and *Walter R. Cannon,* Las Vegas, for Respondents.

## OPINION

By the Court, Thompson, J.:

Raymond Keddie commenced this action to recover damages from Beneficial Insurance and its employee, McDonald, for their negligent failure to procure insurance coverage for his commercial fishing boat which.was destroyed by fire. The trial court entered judgment for the defendants. The findings of fact reflect that court's belief that the plaintiff did not prove the existence of an oral contract to procure insurance which would have covered the loss. We affirm that determination.

Keddie, a resident of Las Vegas, owned a thirty-two-foot, steel hulled, gas powered vessel moored in or operating from Bristol Bay, Alaska. From 1964 to 1967 he had used the boat for commercial fishing. In the Spring of 1970, Keddie contacted McDonald about insurance for that boat. He wished to purchase transportation coverage from Alaska by freighter to Seattle or Los Angeles, and then possibly overland to Lake Mead. He did not request commercial fishing coverage for the Summer of 1970, nor did he advise McDonald that the vessel was a commercial fishing boat.

McDonald contacted an insurance broker in San Francisco who responded by letter advising that additional information would be required before the application could be processed. An insurance application was enclosed with the letter. That application was forwarded to Keddie who filled it out and returned it. The application was for Yacht Insurance applicable only to vessels not used for commercial purposes. Indeed, the application did not include certain items of equipment which would indicate a commercial use of the vessel.

Upon receipt of the completed application, the San Francisco broker quoted a yearly rate to McDonald who in turn

advised Keddie. Keddie rejected this quotation since he preferred six months coverage to that of a year and asked McDonald to obtain a six-month quote. McDonald attempted to do so. Meanwhile, Keddie left Las Vegas for Alaska advising McDonald that any correspondence should be sent to his, Keddie's, Las Vegas post office box. From there it would be forwarded by a friend to Keddie in Naknek, Alaska.

By letter of May 25, 1970, the San Francisco broker notified McDonald that it would not write a six months policy. On June 2, 1970, by letter, McDonald notified Keddie of that fact. The letter was forwarded to Alaska where it remained unclaimed until it was returned to Las Vegas in August 1970. Beneficial Insurance never issued a policy to Keddie.

On July 6, 1970, while engaged in commercial fishing off Bristol Bay, Alaska, the vessel caught fire and was completely destroyed.

1. Once an agreement to procure insurance has been reached the insurance agent is obliged to use reasonable diligence to place the insurance and seasonably to notify the client if he is unable to do so. Havas v. Carter, 89 Nev. 497, 515 P.2d 397 (1973).[1] The agreement to procure, however, must be one for a policy of insurance which would have covered the loss incurred. Pacific Dredging Company v. Hurley, 397 P.2d 819 (Wash. 1964). Had an insurance policy been issued pursuant to Keddie's application for Yacht Insurance, such policy would not have covered the loss incurred. Consequently, there is no basis for liability of either Beneficial Insurance or McDonald to Keddie.

2. As an alternative basis for its judgment, the trial court concluded that Keddie could not have obtained an enforceable policy of marine insurance because he failed to disclose all facts material to the risk. Pacific Queen Fisheries v. Symes, 307 F.2d 700 (9th Cir. 1962); Gulfstream Cargo, Ltd. v. Reliance Ins. Co., 409 F.2d 974 (5th Cir. 1969); cf. Stecker v. American Home Fire Assur. Co., 84 N.E.2d 797 (N.Y. 1949). We need not consider this alternative basis for the judgment.

Affirmed.

MOWBRAY and MANOUKIAN, JJ., concur.

---

[1] In Havas v. Carter, supra, the trial court found that the insurance agent was not liable since he had made reasonable efforts to procure the insurance and seasonably had notified the client of the company's rejection. In the case at hand no finding was made on this point, and we need not address it.

BATJER, C. J., with whom GUNDERSON, J., agrees, concurring.

I concur in the result reached by my brothers, but for a substantially different and more fundamental reason.

The majority opinion is predicated upon a distinction between a yacht insurance policy and an insurance policy covering commercial fishing boats. I believe consideration of this distinction is premature because there was no policy of insurance in effect at the time of the loss and, thus, any such distinction is irrelevant to determination of this case.

An insurance policy is a contract (McGregor v. Inter-Ocean Insurance Company, 292 P.2d 1054 (Wash. 1956); Employers' Liability Assur. Corporation v. Frost, 62 P.2d 320 (Ariz. 1936)) and, like all other contracts, requires a manifestation of mutual assent in the form of an offer by one party and acceptance thereof by the other (John Hancock Mutual Life Insurance Co. v. Dietlin, 199 A.2d 311 (R.I. 1964); Mallard v. Hardware Indemnity Ins. Co., 216 S.W.2d 263 (Tex.Civ.App. 1948)), agreement or meeting of the minds of the parties as to all essential elements (Roscoe v. Bankers Life Ins. Co. of Nebraska, 526 P.2d 1080 (Ariz.App. 1974); American Nat. Ins. Co. v. Brawner, 93 S.W.2d 450 (Tex.Civ.App. 1936)), including the period of risk (Hartford Fire Ins. Co. v. Wade, 257 P.2d 1064 (Okla. 1953)).

Here, appellant contacted McDonald, Obus's agent, seeking a quotation on available rates; Obus quoted annual rates which McDonald communicated to appellant.

Appellant, ostensibly not interested in one-year coverage, inquired about six-month coverage. Obus then notified appellant that only one-year coverage was available. Appellant's boat was destroyed by fire before this last communication was received.

An acceptance contemplates a meeting of the minds as to the essential terms of the contract and acceptance of the same terms contained in the offer. Linnastruth v. Mutual Ben. H. & Accident Ass'n, 137 P.2d 833 (Cal. 1943). If this acceptance modifies or alters any of the essential terms, such acceptance constitutes a counter-offer which must then be accepted by the other party in order to create an enforceable contract of insurance. American Casualty Co. of Reading, Pa., v. Ricas, 22 A.2d 484 (Md.App. 1941); Jacobson v. Mutual Life Insurance Co. of New York, 271 F.2d 620 (7th Cir. 1959); Metropolitan Life Ins. Co. v. Whitler, 172 F.2d 631 (7th Cir. 1949); Lincoln Liberty Life Insurance Company v. Martinez, 299 P.2d 507

(Colo. 1956); Morford v. California Western States Life Ins. Co., 113 P.2d 629 (Ore. 1941); Simmons v. State Farm Mut. Automobile Ins. Co., 11 So.2d 703 (La.App. 1942). *See generally* Couch on Insurance 2d § 7:17, 7:20.

Here, appellant, in essence, applied for a six-month policy of insurance which was rejected by Obus's counter-offer of a one-year policy. This counter-offer was never accepted and, thus, no contract was formed. Accordingly, there was no policy of insurance covering the boat at the time it was destroyed and, for this reason, the district court judgment should be affirmed.