139 So.2d 579 (1962)
Louise E. B. BROWN
v.
STEPHENS BUICK COMPANY et al.
No. 341.
Court of Appeal of Louisiana, Fourth Circuit.
April 2, 1962.
*580 Henican, James & Cleveland, C. Ellis Henican, Jr., New Orleans, for plaintiff-appellant.
R. J. Weinmann, New Orleans, for Stephens Buick Co., defendants-appellees.
Porteous & Johnson, Wm. A. Porteous, Jr., New Orleans, for Wilton E. Bland, Raoul J. Vallon, Individually and d/b/a R. Vallon & Son, defendants-appellees.
Before REGAN, YARRUT and SAMUEL, JJ.
SAMUEL, Judge.
This is a suit for $3,203.32 against Stephens Buick Co., a partnership, Edward Lamare (whose name incorrectly appears in the petition as "Lamar"), a Stephens employee, and Raoul J. Vallon and Wilton E. Bland, partners in an insurance agency. The amount sued for represents damages to, and loss of use of, plaintiff's automobile and damages to another car paid by plaintiff, all resulting from an accident involving the two automobiles. Plaintiff's claim is based on the alleged fact that the defendants led her to believe her automobile was covered by public liability, collision and comprehensive insurance when actually no coverage of any kind had ever been obtained, an absence of coverage unknown to plaintiff until after an accident had occurred, thus causing her loss due to the further alleged fact that otherwise she could have obtained the desired insurance from other sources prior to the accident.
The defendants filed exceptions of no right or cause of action and prescription, all of which were overruled. Defendants then answered and Stephens additionally reconvened for storage allegedly incurred after the accident. Plaintiff has appealed from a judgment dismissing her suit against all defendants and from a judgment against her, and in favor of Stephens, on the reconventional demand. During argument before this court counsel for plaintiff has informed us that the appeal as against Stephens and its employee, Lamare, has been abandoned, but only insofar as plaintiff's original demand is concerned and not as to the judgment on the reconventional demand.
Defendants state in their brief that they again urge the exceptions. But neither in brief nor in argument is any further mention made of the same. We find little or no substance to the exceptions and prefer to pass directly to the merits of the case.
*581 On August 28, 1958, plaintiff, a business woman of many years experience and the administrator of a health and welfare insurance plan, purchased an M. G. Magnette automobile from Stephens for her son Robert, who was then 20 years of age. A portion of the purchase price was obtained from General Motors Acceptance Corporation and both plaintiff and her son testified that the Stephens salesman, Lamare, informed them that no car was allowed to leave Stephens unless it was insured. Lamare denied this and there is other testimony to the effect that, although the lending agency is ordinarily interested in collision and comprehensive insurance for the purpose of protecting itself to the extent of the loan, on some apparently rare occasions the agency has accepted the loan without such coverage. In the instant case G.M. A.C. did finance the car without insurance. Robert Brown, who had worked for Stephens before the purchase of the Magnette, preferred to have what is termed "independent" coverage or individual insurance, that is insurance obtained independently of the lending agency, the same being cheaper due to the fact that the premiums would not be carried in the monthly note and thus would not be effected by interest or carrying charges. Lamare asked if they had an insurance agent in mind and, when they answered in the negative, put them in touch with Bland by telephone.
On that occasion Robert Brown talked to Bland and, according to Brown, informed Bland that he wanted $100.00 deductible on collision and "$5000.00/$10000.00/$5000.00" on property damage and personal liability. Bland's testimony is that Brown was interested in collision and comprehensive only and did not ask about liability insurance. Both witnesses agree that Bland told Brown that the insurance would be difficult and expensive to place because of the fact that Brown was under 25 years of age. The next day, or in any event very shortly thereafter, the Browns removed the car from the lot and they testify that at that time they believed the car was covered by insurance. Lamare was under the same impression although he could only have obtained that impression from the Browns.
Both plaintiff and her son testified that Bland never informed them that he could not or would not place the insurance. Mrs. Brown testified that the only contact she ever had with Bland, and the only time she received any information from him prior to the accident, was on one occasion about a week after the purchase of the car when Bland called her by telephone at her office and inquired as to who was to be the principal driver, on which occasion he informed her that the insurance would be difficult to obtain and costly. Robert Brown, who testified by deposition, said that he had called Bland in the latter part of September or beginning of October of 1958 and at that time Bland informed him that he was having trouble obtaining the insurance because of the age problem but that he, Bland, would place the insurance.
On the other hand Bland testified that he had never told the Browns that they had coverage, a fact which the Browns do not dispute, and that on or about September 3 or 4, 1958, Mrs. Brown called him at his office by prearrangement at which time he informed her that he had exhausted his two sources for the type of insurance desired and was unable to obtain the same. Bland denied that there had been a telephone conversation between himself and Robert Brown in the latter part of September or the early part of October as testified to by the latter.
On February 1, 1959, five months after the purchase of the car, Robert Brown skidded off the highway into a ditch on a rainy night, badly damaging the Magnette and causing minor damage to a parked automobile. At that time the Magnette was not covered by insurance and the record is quite clear that no premium had ever been paid on any such insurance nor had any invoice or bill of any kind ever been rendered for the same. Mrs. Brown paid $95.00 for the damages to the parked car. Following the *582 accident plaintiff first went to G.M.A.C. for, as she expresses it, "advice on the matter". She did not contact Bland or his insurance agency.
On the crucial point of fact here involved the trial court found as follows:
"It is impossible for this Court to believe that the Plaintiff was lulled into a sense of security, believing that she was covered by insurance, in the light of Mr. Bland's testimony to the contrary, and particularly the fact that no bill for a premium had ever been rendered to the Plaintiff on account of any insurance from the date of purchase of August 28, 1958 up and to the date of the accident, February 1, 1959."
Plaintiff relies upon the general rule that an insurance agent or broker who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance and to seasonably notify the client if he, the agent or broker, is unable to obtain the insurance requested. In Louisiana a recovery has been allowed where the actions of the person procuring the insurance were such as to warrant an assumption on the part of the other party that he was covered by suitable insurance and thus protected from claims against which he desired to be insured. Fisk v. Kildare Truck Line, Inc., La.App., 112 So.2d 310; Stevens v. Mitchell, 234 La. 977, 102 So.2d 237; Kline v. Globe Automobile Finance Company, La. App., 100 So.2d 517; Smith v. Travelers Fire Insurance Co., La.App., 90 So.2d 586; Carpenter v. Madden, La.App., 90 So.2d 508.
The facts involved in all of the cited cases are distinguishable from those in the instant case in that the former were of such a nature as to lead a reasonable person to believe that he was covered by the desired insurance. In addition to other facts, in every cited case except Fisk v. Kildare Truck Line, Inc., premiums had been paid by the person who believed himself insured, and in every case except Stevens v. Mitchell a policy of insurance had actually been issued. Fisk v. Kildare Truck Line, Inc. was a suit by an insurance broker against the insured for earned premiums where the policies obtained by the broker did not adequately or sufficiently cover the insured's requirements.
Under all the circumstances and facts here involved, particularly with regard to the problem of obtaining the type of insurance requested where the principal driver was under the age of 25 years, and without going into all the details relative to the efforts expended by Bland in attempting to obtain such insurance, we are of the opinion that his efforts to that end did constitute reasonable diligence.
We are in agreement with the conclusion reached by the trial court to the effect that, over the period of time involved, plaintiff was not lulled into a sense of security or into believing that she was covered by the insurance requested. Considering all of the facts involved she could not have reasonably assumed that she was so covered and we are inclined to conclude that she did not entertain such a belief at the time of the occurrence of the accident.
Even discounting Bland's testimony to the effect that he informed Mrs. Brown that he was unable to obtain the insurance, and accepting all of the testimony by plaintiff and her son as being true, the Browns were never informed by Bland that he had placed the insurance. The contrary is true. On all occasions Bland informed them that he had not obtained the insurance and the last such conversation, according to Robert Brown, was approximately four months before the accident. During those four months Mrs. Brown had never paid the premiums, or any part thereof; she had never been requested to make any such payment by bill, invoice or otherwise; and she had made no inquiries concerning either insurance or premiums. When the accident occurred she did not contact Bland or his insurance *583 firm; instead she contacted the lending agency. Plaintiff's suit was properly dismissed.
The only remaining question involves the judgment on reconventional demand. That judgment is in the sum of $73.00 which total amount was reached by the trial judge by allowing fifty cents per day from the date the reconventional demand was filed until the date of trial, it having been shown that the wrecked automobile was on the Stephens premises during that period. The court did not allow an award for storage prior to the time of the filing of the reconventional demand because of the fact that there had been no agreement between the parties relative to storage or demand made therefor prior to the reconventional demand. We find no error prejudicial to plaintiff.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.