149 So.2d 444 (1963)
Ferdie ARCENEAUX, Plaintiff and Appellant,
v.
Homer BELLARD, Individually, Homer Bellard, d/b/a Homer Bellard Insurance Agency and Lloyds (Lloyds of London), Defendants and Appellees.
No. 753.
Court of Appeal of Louisiana, Third Circuit.
January 28, 1963.
Rehearing Denied February 20, 1963.
Certiorari Refused March 25, 1963.
*445 Robert Brinkman, Opelousas, for plaintiff-appellant.
Vidrine & Rivette, by Andrew Vidrine, Church Point, for defendants-appellees.
Before TATE, CULPEPPER and HOOD, JJ.
HOOD, Judge.
Plaintiff, Ferdie Arceneaux, instituted this suit for damages against Homer Bellard, individually and as owner of Church Point Insurance Agency, and against that agency's errors and omissions insurer, Lloyds of London. The suit was dismissed as to the last-named defendant on an exception of no cause of action, and no issue is raised here as to that dismissal. The remaining defendant, Bellard, admits an indebtedness of $2,500.00, but denies any further liability. After trial on the merits, judgment was rendered by the district court in favor of plaintiff for the sum of $2,500.00, and plaintiff has appealed.
Plaintiff contends that in July, 1959, defendant or his agent advised him that he was covered under a collision and liability insurance policy in connection with the operation of a tractor and trailer when actually no such policy had been issued, and that plaintiff, relying on that advice, operated the tractor and trailer and sustained losses which he would have been able to recover had the insurance been in effect. Defendant admits that he advised plaintiff that he was insured under a policy providing for collision insurance only, with a maximum liability of $2,500.00, but he denies that he or his representative informed plaintiff that he had been or would be provided with any other type of insurance coverage. A factual issue is presented, therefore, as to whether defendant or his representative informed plaintiff, or misled him into thinking, that he was covered by any type of insurance other than that admitted by defendant.
The jurisprudence of this state is settled to the effect that recovery may be allowed a prospective insured where the actions of the insurance agent are shown to be such as to warrant an assumption by the insured that he was adequately covered by suitable insurance. Bourgeois v. Beeson-Warner Insurance Agency, Inc., La.App. 4 Cir., 144 So.2d 563; Brown v. Stephens Buick Co., La.App. 4 Cir., 139 So.2d 579; Fisk v. Kildare Truck Line, Inc., La.App. Orl., 112 So.2d 310; Smith v. Travelers Fire Insurance Co., La.App. 2 Cir., 90 So.2d 586. See also Bates v. Bowles-White and Company, Wash., 353 P.2d 663; 29 Am.Jur., Insurance, § 165; 44 C.J.S. Insurance § 172; 29 A.L.R.2d 171 et seq.
The evidence in this case establishes that plaintiff purchased a truck-tractor and a van-type trailer in July, 1959. In order to finance the purchase of this unit he borrowed $2,500.00 from Farmers State Bank and Trust Company, of Church Point, Louisiana, the loan being secured by a chattel *446 mortgage on the tractor and trailer in favor of the bank. The loan transaction was handled by defendant Bellard, in his capacity as Executive Vice-President of the Bank. At the time the loan was completed, Bellard referred plaintiff to Church Point Insurance Agency, which was owned by defendant and operated by his son, Ronald Bellard, for the purpose of obtaining at least collision insurance on the mortgaged equipment, collision insurance being required by the bank in connection with the loan. Plaintiff then discussed with defendant and his son the matter of obtaining public liability, property damage and medical payments coverage, as well as collision insurance, on the tractor and trailer, but plaintiff's recollection of what was said in these discussions differs materially from that of defendant and his son.
The tractor and trailer were involved in an accident a few days after the abovementioned loan was negotiated, and as a result of this accident the mortgaged vehicles were practically demolished, and plaintiff sustained some losses, among which was a payment of $1,200.00 made by plaintiff to settle a claim against him for damages arising out of the accident. He now seeks to recover from defendant the sum of $9,819.78, plus attorney's fees, as the damages which he allegedly sustained because of defendant's failure to provide him with the insurance he had requested or to notify him of the fact that the insurance could not be obtained.
Arceneaux testified that on the day the above-mentioned loan was negotiated he applied to defendant's son for collision, public liability and medical payments insurance covering the operation of these vehicles, and that defendant's son, after taking down the information furnished by plaintiff, informed him that he was covered and that the policy and statement for the premium would be mailed to plaintiff later. He further stated that after the accident occurred, defendant informed him that "the insurance would take care of it," and for plaintiff not to worry about it.
Defendant and his son, on the other hand, deny that they informed plaintiff that he was covered by that type insurance, but, on the contrary, they maintain that they informed him that he was insured only for physical damage to the truck, that is, collision insurance up to the limit of the amount which he had borrowed from the bank. Ronald Bellard testified that he first informed plaintiff that he would be fully covered, but upon obtaining further information as to the use which would be made of the vehicles, he and his father on the same day then explained to plaintiff that they could guarantee him only "physical loss coverage," and that they could not provide the other types of insurance which he had requested. He further told plaintiff at that time, however, that he would apply for the type coverage plaintiff wanted and would advise him later whether he was able to obtain it. Defendant and his son both testified that they advised plaintiff to continue in effect the public liability insurance coverage affecting these vehicles which previously had been obtained by plaintiff from another insurance agency, since defendant was unable to assure him of that type coverage, and at the conclusion of their discussion it was defendant's understanding that plaintiff would contact the other agency for the purpose of having that insurance coverage continued.
After those discussions took place, defendant's son made inquiries from representatives of two insurance companies, and was advised by them that they would not issue policies providing plaintiff with the coverage he desired. One of these representatives, however, advised him that he would look into the matter and would let defendant know of other outlets for the insurance, but the accident occurred before defendant heard further from that representative. Defendant did not give this information to plaintiff before the accident occurred.
It is apparent that only a few days elapsed between the time plaintiff talked to defendant about his insurance and the date of the *447 accident. Plaintiff testified that immediately after he purchased this unit he had the trailer repaired and that the accident occurred while the unit was making its first trip, about three or four days after it had been repaired or about one week after the loan was negotiated. The repairman testified that the trailer was repaired "a very few days" before the accident occurred. No insurance policy relating to this tractor and trailer was ever issued through defendant's agency, no premium was paid by plaintiff and defendant has never billed plaintiff for any such premium.
The trial judge concluded that plaintiff had not established to the degree of certainty required by law that defendant had agreed to provide the insurance coverage which plaintiff wanted or that defendant had misled plaintiff into thinking that he was covered. The trial judge, accordingly, rejected plaintiff's demands, except for the $2,500.00 liability which defendant admitted. We think this conclusion is supported by the evidence.
Plaintiff argues further, however, that defendant was negligent in failing to seasonably notify him that the desired coverage could not be obtained.
The general rule is that an insurance agent or broker who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance and to seasonably notify the client if he, the agent or broker, is unable to obtain the insurance requested. When there is such an undertaking, the client may recover from the agent who fails to notify him seasonably of his inability to obtain the coverage if the actions of the agent or broker were such as to warrant an assumption on the part of the client that suitable insurance coverage had been obtained by the agent and thus that he was protected from claims against which he desired to be insured. Brown v. Stephens Buick Co., supra, and cases cited therein.
Under the facts presented in this suit, however, we feel that the failure of defendant to notify plaintiff of his inability to obtain the requested coverage could not reasonably have warranted an assumption by plaintiff that he was covered by suitable insurance. While it is true that defendant and his son told plaintiff that they would apply for the additional insurance coverage which he wanted and that they would try to get it for him, they also informed plaintiff that they could not write or bind that type of insurance and they specifically advised him to continue in effect the liability insurance coverage which he had previously obtained through another agency. It seems to us that after these discussions with defendant and his son, plaintiff must have understood and should have assumed that the additional insurance coverage which he desired would not be provided by defendant unless defendant later informed him that he was able to obtain it. Certainly, under the facts presented here, plaintiff would not have been warranted in assuming that defendant had obtained the insurance coverage by the time the accident occurred, just a few days after these discussions took place.
The issue presented on this appeal depends largely upon the weight which is to be attached to the testimony of the witnesses. The trial judge is in a better position to judge the credibility of witnesses than is an appellate court, and since there is ample evidence to support his findings, we think the judgment appealed from should not be disturbed. See Peart v. Slocum, La.App. 3 Cir., 142 So.2d 421, and cases cited therein.
For the reasons herein assigned, the judgment of the district court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.