191 So.2d 208 (1966)
SHRV TELETYPE COIN EXCHANGE, INC., Plaintiff-Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK et al., Defendants-Appellees.
No. 10648.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1966.
Hal V. Lyons, Shreveport, for appellant.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for Commercial Union Ins. Co. of New York.
Mayer & Smith, Shreveport, for Continental Casualty Co.
Before HARDY, GLADNEY and AYRES, JJ.
HARDY, Judge.
This is an action by plaintiff seeking to recover the value of a collection of rare coins which were lost either by theft or "mysterious disappearance." Named as defendants were plaintiff's insurer, Commercial Union Insurance Company of New York, and Continental Casualty Company as the errors and omissions liability insurance carrier of plaintiff's insurance agent. From judgment in favor of defendants rejecting plaintiff's demands, it has appealed.
The factual circumstances giving rise to this action may be briefly related. Plaintiff corporation is engaged in the business of dealing in rare and old coins. Thomas A. Bridges is the President of the corporation and his daughter, Andrea McFarland, is an employee. These named defendants, as employees of plaintiff, attended a convention of coin dealers held in Cleveland, Ohio, beginning on or about August 18, 1964. On their arrival in Cleveland Mr. Bridges and his daughter registered at the Sheraton Hotel in which *209 they were assigned to separate rooms. In their possession on arrival was a collection of coins which they valued at something in excess of $42,000.00. At the time of arrival and registration at the Sheraton Hotel it was discovered that no safety vault or other secured depositary for the coins was available, and, accordingly, they were placed in the closet of Mrs. McFarland's room. Mr. Bridges and his daughter left the room, after locking the door, and upon their return from dinner immediately discovered that the coins were missing.
Plaintiff contended that Commercial Union as its insurer was primarily liable for the loss to the maximum extent of the policy provision in the sum of $25,000.00. Alternatively, it was urged that Continental Casualty was liable in the amount of $25,000.00 by reason of its coverage of liability resulting from errors and omissions due to the negligence of plaintiff's insurance agent, Andrew Querbes, a member of a Shreveport firm engaged in the general insurance business.
Commercial Union defended on the ground that the nature of plaintiff's loss was specifically excluded from coverage under a provision of the policy in effect. In brief before this court counsel for plaintiff has conceded the validity of the defense asserted by Commercial Union, and, accordingly, the claim against this defendant is considered to be abandoned, and, therefore, is not before the court as an issue on this appeal. It may be observed, en passant, that the exclusion provision in the policy issued by Commercial Union clearly relieves this insurer of liability under the circumstances of this case, and, therefore, the abandonment of this claim was entirely proper.
The alternate claim against Continental Casualty is predicated upon plaintiff's contention that Querbes, as its insurance broker or agent, had been specifically instructed to procure insurance which would protect plaintiff to the extent of the broadest possible coverage, and that his failure to procure insurance which would have protected plaintiff against loss of coins under the circumstances set forth was attributable to his negligence or lack of effort.
We think the question presented is exclusively factual. It is clear from the record that plaintiff's President, Bridges, did specifically inform Querbes that he was desirous of procuring insurance which would afford protection in the course of transportation of coins to Cleveland and return. Querbes was not informed as to this particular type of insurance and testified that he called his company's office in Atlanta, Georgia, was informed that it did not write a policy which would afford such coverage, and that on or about August 13th he attempted to transmit this information to plaintiff's President, Bridges; learning that Bridges was not available he gave the information to an employee in plaintiff's office with the request that the message be conveyed to Bridges. It was Bridges' testimony that he did not receive the information. However, the office manager, Mrs. Collins, testified that she received a call from Mr. Querbes who informed her in detail as to his efforts to procure the insurance and advised that coins would not be insured during any period of time when they were left unattended unless they were in a locked safe or vault. The witness testified that she was not particularly disturbed about this information "* * * because they had a security room in Ohio, and I knew everything would be all right." Mrs. Collins further testified that this call from Mr. Querbes occurred, according to her recollection, about a week or ten days before Mr. Bridges was scheduled to leave for the convention in Ohio. While the witness was positive she had informed Mr. Bridges, upon his return to the office, that Mr. Querbes had called, she was uncertain at the time of the trial, which took place some eighteen months after the incident, as to whether she had reported Mr. Querbes' *210 message in detail. There is some indication in the record that at an earlier date she had admitted informing Mr. Bridges of the details of Mr. Querbes' message.
We think plaintiff has failed to establish any negligence on the part of Mr. Querbes by anything approaching a preponderance of the evidence. To the contrary it is our opinion that the evidence preponderates in support of the conclusion that Mr. Querbes made reasonable efforts to procure the admittedly unusual type of insurance desired and that he gave notification of his inability to meet plaintiff's requirements in this respect.
We have no question as to the fact that Mr. Bridges, as President, and Mr. Lambert, as Vice President of plaintiff corporation who also testified on trial, were under the impression that Mr. Querbes would procure the insurance coverage which they had specified. However, this was pure assumption, not justified by the facts, which should have been clearly overcome by the information duly transmitted by Mr. Querbes.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.