RUTH R. MERRICK, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation, Respondent.

No. 6764

June 7, 1972                                        497 P.2d 890

*Emilie N. Wanderer,* of Las Vegas, for Appellant.

*McNamee, McNamee & Rittenhouse,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant was the beneficiary of two life insurance policies on the life of her deceased husband, John J. Merrick, in the total amount of $3,900, with a double indemnity provision for accidental death.

On February 12, 1968, said John J. Merrick drove his automobile north on Maryland Parkway, Las Vegas, Nevada, and at approximately 1:00 p.m. he was witnessed by three persons to slump over the steering wheel and then proceed, in an unconscious state, without control of the car, to jump a curb and crash into a light pole.

An autopsy was performed upon the deceased on February 12, 1968, which autopsy report found that the deceased died of an occlusion of the right ventricle caused by myocardial infarction (a blood clot-thrombosis of the right ventricle which blocked the flow of blood to the muscle of the heart thereby restricting oxygen from entering that muscle, and death resulted therefrom).

Dr. Thorne Butler, a pathologist who conducted the autopsy, stated that he found evidence of past myocardial infarcts (not lethal in character) which had left scar tissue and that the reasonable explanation for the cause of death was the thrombosis in the right coronary. Also noted were some superficial and recent abrasion in the forehead area, which in the doctor's opinion, did not contribute to the cause of death. Further, it was the opinion of the doctor that the automobile accident had nothing to do with the cause of Mr. Merrick's death.

The court found that the respondent was not liable under the double indemnity provisions of the policies as death was caused by disease or other bodily infirmity and that the death of John J. Merrick was not accidental.

Appellant here presents what appears to be her final argument to the lower court. She points to no errors of law but argues that the court came to the wrong conclusion.

While in appropriate cases we may look to documentary evidence contained in the appellate record to determine whether or not the conclusion reached by the trial court was clearly wrong, North Arlington Med. v. Sanchez Constr., 86 Nev. 515, 520, 471 P.2d 240 (1970), the instant case presents the situation where there is little if any evidence contrary to the lower court's ruling. Appellant was determined by the court not to have carried her burden of proof. There being substantial evidence to support the court's findings, the judgment based upon said findings must be affirmed. NRCP 52(a); Lagrange Construction, Inc. v. Kent Corp., 88 Nev. 271, 496 P.2d 766 (1972).

Affirmed.