265 So.2d 640 (1972)
C. A. HIGHT, Plaintiff-Appellant,
v.
John David STEWART et al., Defendants-Appellees.
No. 11887.
Court of Appeal of Louisiana, Second Circuit.
June 27, 1972.
*641 Bodenheimer, Jones, Klotz & Simmons by Harry D. Simmons, Shreveport, for plaintiff-appellant.
Mayer & Smith by Caldwell Roberts, Shreveport, for John David Stewart.
Snellings, Breard, Sartor, Shafto & Inabnett by George M. Snellings, Jr., Monroe, for Ranger Ins. Co.
Before AYRES, PRICE and HALL, JJ.
PRICE, Judge.
Plaintiff, C. A. Hight, brought this action against J. D. Stewart, dba Gerald Stewart Insurance Agency, and alternatively against Ranger Insurance Company, for damages allegedly due as the result of an airplane crash which occurred on August 8, 1970.
Plaintiff alleged that Stewart had failed to procure insurance coverage for the airplane, as plaintiff had requested, or to notify plaintiff of the lack of insurance coverage, and as a consequence, Stewart was liable to plaintiff for damages to the airplane. In the alternative, plaintiff alleged that Ranger was liable under an existing insurance policy issued to him by Ranger, which provided automatic insurance coverage for additional airplanes of which insured acquired ownership.
The trial court found for defendants and plaintiff appealed from that judgment.
*642 The primary issues on appeal are: (1) Had plaintiff acquired ownership of the airplane at the time of the crash, so that it was automatically covered under the "newly acquired aircraft" clause of plaintiff's existing insurance policy with Ranger? (2) Was defendant Stewart negligent in failing to inform plaintiff that the airplane was not covered by insurance, and did plaintiff act reasonably in assuming that he had coverage at the time the plane crashed?
Plaintiff operates an airport and owns Hight Flight Service in Minden. Part of his operation consists of renting airplanes. On August 6, 1970, he came into possession of a 1969 Cessna Skyhawk, No. N46445. On August 8, 1970, he rented this plane to Reese Hood, who made an emergency landing resulting in extensive damage to the plane.
FIRST ISSUE: Plaintiff contends that he purchased the plane from Loyd Brown, the registered owner shown on the Federal Aviation Agency records, prior to the crash.
According to the testimony given at trial by plaintiff and Brown, negotiations between them culminated in agreement upon a price for the airplane, prior to plaintiff's taking possession of the airplane on August 6, 1970. Plaintiff contends that this agreement constituted a sale of the airplane. If this trial testimony were the only evidence presented on the matter, it would seem that the transaction met the requirements of Civil Code Article 2456 which provides that a sale is perfected as between buyer and seller when an agreement is reached as to an object and a price. However, there was considerable evidence of contradictory statements made prior to trial by both plaintiff and the alleged vendor, Brown, which indicated that there was no sale at the time of the accident, but that one was only contemplated.
Five days after the accident, plaintiff gave a signed statement to a Ranger insurance adjuster which stated that plaintiff and Brown had entered into a lease agreement giving plaintiff an option to buy this airplane. There is also evidence that plaintiff told the Stewart Insurance Agency secretary, two days prior to the accident, that he had rented the airplane from Brown.
Loyd Brown had also made a prior statement under oath regarding the nature of his agreement with plaintiff which was inconsistent with his trial testimony. According to this affidavit, plaintiff had an option to purchase the plane if it were useful in his business, and both Brown and plaintiff felt that plaintiff would buy the airplane.
If there is a conflict in the evidence, the reviewing court should not reverse the judgment of the district court where there is evidence in the record which, when reasonably construed, supports the conclusions reached by the district judge. Ware v. J. Ray McDermott & Co., 180 So.2d 573 (La.App. 3rd Cir., 1965). The signed statements given by plaintiff and Brown shortly after the accident support the conclusion of the lower court that no sale of the airplane took place prior to the accident on August 8, 1970.
The evidence which plaintiff offered to show that plaintiff gave a note to Brown in the amount of Brown's equity in the airplane on August 19, 1970, and subsequently paid off that note, has no bearing upon the issue of ownership of the airplane on August 8, 1970.
SECOND ISSUE: The second issue for determination on appeal is whether defendant Stewart breached a duty to plaintiff when he failed to either obtain insurance for plaintiff, or to inform plaintiff that the airplane was not insured, and whether as a *643 consequence of Stewart's conduct, plaintiff made a reasonable assumption that he had coverage.
The legal principles governing the duties of an insurance agent to his client are not in dispute. The parties agree that an insurance agent who undertakes to procure insurance owes an obligation to his client to use reasonable diligence in attempting to place the insurance and to seasonably notify the client if he is unable to obtain the insurance requested. Brown v. Stephens Buick Company, 139 So.2d 579 (La.App. 4th Cir., 1962); Bordelon v. Herculean Risks, Inc., 241 So.2d 766 (La.App. 3rd Cir., 1970).
It is also unquestioned that where the action of the insurance agent is such as to warrant an assumption of insurance coverage on the part of the potential insured, recovery against the insurance agent has been allowed. Brown v. Stephens Buick Company, supra; Bordelon v. Herculean Risks, Inc., supra.
However, the burden of proof is on the plaintiff to establish by a preponderance of the evidence that he acted reasonably in assuming that he did have the insurance coverage requested. Shrv Teletype Coin Exchange, Inc. v. Commercial Union Insurance Company, 191 So.2d 208 (La.App. 2d Cir., 1966); Brown v. Stephens Buick Company, supra.
Given these principles, the only issues involved in determining Stewart's liability for negligence in performance of his obligations to Hight as insurance agent are questions of fact which depend primarily upon the credibility of the witnesses presented.
Plaintiff called Stewart Insurance Agency on Friday, August 6, 1970, about 4:00 p.m. and spoke to the Agency secretary, Mrs. Fay Hardin, about insurance coverage for the airplane in question. Mrs. Hardin testified quite positively that during this conversation she warned Hight she had no authority to bind coverage and, therefore, he must not assume that he had the desired coverage until he spoke to Stewart personally. Stewart was out of the office at the time, and the evidence is not clear whether Stewart had any opportunity to speak to Mrs. Hardin about the matter before Monday, the next business day. However, Stewart did see the notes which Mrs. Hardin made of her conversation with Hight, along with the message to call Hight before 2:00 p.m., Saturday. Nothing in these notes would have put Stewart on notice that Hight assumed he had insurance coverage after speaking with the secretary. To the contrary, these notes contained a question as to whether insurance coverage was automatically extended to a replacement airplane, as it would be to a replacement automobile. This question, combined with the message to call an insured, would reasonably indicate to an insurance agent that the insured was uncertain about the extent of his insurance coverage.
Without notice that a client believed himself to be already covered by insurance, an agent would seem to have no duty to inform the client of lack of coverage so long as the agent was proceeding with reasonable diligence to procure the requested coverage. On this issue, Stewart testified without contradiction that he had no authority to bind coverage on an airplane policy without consulting Ranger, that he learned of Hight's call after 5:00 p.m. on Friday, and that the Ranger aviation office in Beaumont, Texas, is closed on week-ends. Therefore, he would not have had an opportunity to procure coverage from Ranger before Monday morning. The plane crash occurred on the intervening Sunday. No evidence was offered to show that Stewart was not or would not have been diligent in procuring insurance for plaintiff.
*644 The only remaining issue is the reasonableness of plaintiff's assumption that he already possessed or that Stewart had procured insurance coverage for the airplane prior to the time plaintiff rented the airplane to Hood on Sunday. On this point, plaintiff testified that he assumed he had insurance coverage on the plane when he rented it out on Sunday because he had not heard from Stewart to the contrary. However, nowhere in plaintiff's testimony did he directly contradict the testimony of Mrs. Hardin, the Agency secretary, that she warned him not to assume coverage until he had spoken with Stewart. Mrs. Hardin was a disinterested witness to a much greater extent than either plaintiff or Stewart. She was no longer employed by Stewart Insurance Agency and had no job to protect by her testimony. Furthermore, she had given no prior contradictory statements concerning the lawsuit, as had plaintiff. Therefore, it does not appear unreasonable to accept Mrs. Hardin's testimony that she warned plaintiff not to assume coverage for the airplane until he heard from Stewart. The point is well settled that the conclusions of the trial court on questions concerning the credibility of witnesses will not be disturbed on appeal, because the trial court has greater opportunity to consider the demeanor, conduct and persuasiveness of opposing witnesses. Pecoraro v. Galvin, 243 So.2d 307 (La.App. 4th Cir., 1971).
After careful review of the evidence presented and of the trial court conclusions, it appears to this court that plaintiff did not prove by a preponderance of the evidence that he acted reasonably in assuming that he did have the insurance coverage requested. Such proof is necessary to allow recovery against an insurance agent. Shrv Teletype Coin Exchange, Inc. v. Commercial Union Insurance Company, supra; Brown v. Stephens Buick, supra.
For the reasons assigned, the judgment appealed from is affirmed. Costs of this appeal are to be taxed against appellant.