VICTOR HAVAS, DBA COURTESY MOTORS, APPELLANT, *v.* RICHARD CARTER AND INSURANCE AGENCY, INC., A NEVADA CORPORATION, RESPONDENTS.

No. 6964

November 5, 1973                    515 P.2d 397

[Rehearing denied March 5, 1974]

*James M. Bartley* and *George Foley,* of Las Vegas, for Appellant.

*Rose, Norwood & Edwards, Ltd.,* of Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, J.:

The appellant, a used car dealer, contacted respondent, Richard Carter, an insurance agent, seeking an open lot insurance policy that would cover fire, theft and other losses occurring to the used cars in his lot.

The evidence in the record establishes that open lot insurance covering fire, theft and other losses which the appellant required for his used car business was difficult to place. Nevertheless, the respondents placed it with Guarantee [sic] National Insurance Company, which placement was subsequently rejected by appellant on October 29, 1964. Later a policy was procured from Aetna Insurance Company, but that policy was in effect only 33 days to honor the respondents' binder and to cover two theft losses incurred by the appellant during that period.

The appellant was notified of the Aetna cancellation as of January 20, 1965, and he again contacted Carter, who according to the appellant's testimony, told him that "he would try to place it with some other companies." In the face of these difficulties the respondents continued to try and place insurance with other companies, but without success. Rejections of coverage were communicated to the appellant with the exception of the last rejection which occurred a few days before a

Cadillac automobile was stolen from the appellant's sales lot. During this entire period of time the appellant was continuing to urge the respondents to try and secure coverage acceptable to him. At no time from October 1964 until April 13, 1965, when the Cadillac was stolen did the appellant pay any premiums to the respondents.

Apparently Carter never specifically informed the appellant he was uninsured. However, the appellant was an insurance agent who had held himself out to Carter as an insurance broker and had split fees with him. Carter could have reasonably assumed that appellant knew he was uninsured.

Inasmuch as the appellant was not covered by insurance for the loss of his automobile, he brought this action to recover from the respondents. After a trial before the district court, without a jury, a judgment was entered against the appellant and respondents were awarded attorney fees in the amount of seven hundred ($700) dollars. This appeal is taken from that judgment.

The appellant contends that an implied contract arose between him and the respondents at the time Carter undertook to place the insurance; that liability attached to the respondents for the loss to the appellant of the value of his Cadillac automobile; and that the district court erred when it found no such liability.

This is not an action on a contract of insurance. The appellant is in effect seeking damages for the respondents' failure to obtain open lot insurance. The breach of duty alleged was the failure of the respondents to use due diligence to obtain such a policy. There was never an unconditional agreement to place in effect open lot insurance and the appellant, in the capacity of an insurance agent, knew, or should have recognized this fact.

The respondents were not obligated to assume the duty of procuring this insurance, but when they did so the law imposed upon them the duty of performance in the exercise of ordinary care for the rights and interests of the appellant. Johnston v. Otta, 91 N.E.2d 468 (Ill.App. 1950). Whether the respondents had exercised the care and diligence that their undertaking required, was a question of fact which was resolved against the appellant.

Although the cases relied upon by the appellant stand for the general rule that an insurance agent or broker who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place

the insurance and to seasonably notify the client if he, the agent or broker, is unable to obtain the insurance (Bates v. Bowles White & Company, 353 P.2d 663 (Wash. 1960); Derby v. Blankenship, 230 S.W.2d 481 (Ark. 1950); Franklin v. Western Pacific Insurance Company, 414 P.2d 343 (Ore. 1966); Oney v. Barnes, 428 P.2d 124 (Ariz. 1967); Burroughs v. Bunch, 210 S.W.2d 211 (Tex.Civ.App. 1948)), none of them were decided on facts similar to those contained in this record.

The appellant has failed to establish any negligence on the part of the respondents by any proof even approaching a preponderance of the evidence. To the contrary, the evidence preponderates in support of the conclusion that Carter made reasonable efforts to procure the special type of insurance demanded by the appellant. See Shrv Teletype Coin Exch. v. Commercial Union Ins. Co., 191 So.2d 208 (La.App. 1966); cases collected in 29 A.L.R.2d, 171–205.

The respondents were entitled to a reasonable time within which to notify the appellant of the most recent rejection. The question of whether such delay was reasonable or unreasonable was one of fact to be resolved by the trier of fact. See Rainer v. Schulte, 113 N.W. 396 (Wis. 1907); Arceneaux v. Bellard, 149 So.2d 444 (La.App. 1963). Here the trial court found the delay was not unreasonable.

Even where there is conflicting testimony the findings of fact are binding on the appellate court if there is substantial evidence to uphold the lower court's position. Allen v. Webb, 87 Nev. 261, 485 P.2d 677 (1971); Brandon v. Travitsky, 86 Nev. 613, 472 P.2d 353 (1970); Lanigir v. Arden, 82 Nev. 28, 409 P.2d 891 (1966). On review, a trial court's findings will not be reversed unless it is against the manifest weight of the evidence. Where there is sufficient credible evidence to support the finding of the trier of fact it will not be disturbed on appeal. B & C Enterprises v. Utter, 88 Nev. 433, 498 P.2d 1327 (1972); Merrick v. Metropolitan Life Ins. Co., 88 Nev. 327, 497 P.2d 890 (1972); Lagrange Construction, Inc. v. Kent Corp., 88 Nev. 271, 496 P.2d 766 (1972); Savini Constr. Co. v. A & K Earthmovers, 88 Nev. 5, 492 P.2d 125 (1972).

The judgment of the district court is affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.