286 So.2d 382 (1973)
Jack E. TILLMAN, Plaintiff-Appellant,
v.
David O. SHORT, Defendant-Appellee.
No. 12169.
Court of Appeal of Louisiana, Second Circuit.
November 13, 1973.
Lunn, Irion, Switzer, Johnson & Salley by Harry A. Johnson, Jr., Shreveport, for plaintiff-appellant.
Claudius E. Whitmeyer, Shreveport, for defendant-appellee.
Before BOLIN, HALL and WILLIAMS, JJ.
HALL, Judge.
Plaintiff, Jack E. Tillman, brought suit against David O. Short, an insurance agent, seeking recovery of medical expenses incurred by plaintiff on the grounds that defendant agent negligently failed to obtain valid insurance coverage which would have paid such medical expenses. From a judgment rejecting plaintiff's demands, plaintiff appealed. We affirm the judgment of the district court.
For several years, plaintiff was part owner and president of Tillman Auto Parts, Inc., an auto parts business located in Shreveport with twelve or thirteen employees. In June, 1966, plaintiff sold his interest in the business to a firm operating out of Little Rock, Arkansas. He continued to do some work for the company for two or three months and then became completely disassociated with the business. Plaintiff's wife and son-in-law operated a business known as Dee's Saw Shop in the same building and next door to the Tillman's Auto Parts shop, and plaintiff helped out sometimes in their business, but not on a regular basis and without pay. He has had no other employment after getting out of the auto parts business.
While plaintiff was connected with Tillman Auto Parts, the company had in effect and available to its employees a group insurance policy issued by Lincoln National Life Insurance Company. The policy was serviced in 1966 by defendant Short, an agent for Lincoln National. Plaintiff participated in the policy as an employee of Tillman Auto Parts.
*383 After plaintiff sold out his interest in the business and terminated his employment with the company, he continued to pay a monthly premium to Tillman Auto Parts for inclusion in the Lincoln National group policy. Tillman Auto Parts in turn paid the total policy premium to Lincoln National.
In the early part of 1967, because of a proposed increase in premium or for some other reason, the Lincoln National policy was terminated. Short made arrangements for a new group policy with Pan American Life Insurance Company, and a group policy providing insurance coverage to employees of Tillman Auto Parts, Inc. was issued by that company effective February 1, 1967. It is significant to note that Pan American required a minimum of ten participating employees as a prerequisite to issuance of the policy. Further, only fulltime employees were eligible for coverage.
Short's dealings with Tillman Auto Parts concerning the new coverage were carried on with the new manager, Jerome Cossover, and with an office employee, Ruth Tingle. During the time when the new coverage was being effected, Short saw plaintiff either at Tillman Auto Parts or Dee's Saw Shop, or both, and discussed plaintiff being included in the new policy. Plaintiff was included and a certificate of insurance was issued to him as an employee of Tillman Auto Parts, Inc. Plaintiff continued to pay his monthly premium to Tillman Auto Parts, which in turn paid the total policy premium to Pan American.
The trial judge found as a fact that at the time of issuance of the Pan American policy, Short knew Tillman was not an employee of Tillman Auto Parts. The trial judge further found as a fact that Tillman knew that he was not entitled to be included in the policy since he was not an employee of Tillman Auto Parts. Both of these key factual conclusions are supported by the evidence.
Although, as noted by the trial judge, Short's testimony concerning his knowledge of Tillman's status with the company was somewhat evasive, he conceded he was told that Tillman had sold out his interest in the business and that he knew plaintiff was not an employee. Short testified:
"Q. And at the time that the business about changing the coverage from Lincoln National Life Insurance Company to Pan American Life Insurance Company was going on, you knew then that Jack E. Tillman was no longer an owner or an employee of Tillman Auto Parts, didn't you?
"A. I believe that is when they told me that they had sold, that they had bought out, I believe.
* * * * * *
"Q. But you knew at the time that policy went into effect with Mr. Tillman being a part of the group that he was not an employee there, did you not?
"A. I guess so."
The conclusion is inescapable that plaintiff, as a reasonable businessman, must have known the group policy only provided coverage to employees of Tillman Auto Parts and must have known he was, therefore, ineligible for coverage. Plaintiff had been president of the company which carried group insurance over several years. At one time his mother had been removed from the Lincoln National group policy because she was not an employee although plaintiff denied any knowledge of that fact. The certificate issued to plaintiff by Pan American shows on its face in bold letters that it is a certificate for coverage of employees of Tillman Auto Parts, Inc. The word "employee" appears on the face of the certificate at least six times. Under "Important Provisions", the following language appears in bold letters:
"IF THE EMPLOYEE IS NOT ACTIVELY AT WORK ON THE EFFECTIVE DATE OF THE CERTIFICATE SHOWN HEREIN, THE INSURANCE *384 WILL NOT BECOME EFFECTIVE UNTIL THE NEXT FOLLOWING DAY ON WHICH THE EMPLOYEE IS ACTIVELY AT WORK."
Under "Termination of Individual Insurance", the certificate clearly provides that the insurance of any employee shall automatically terminate immediately upon "(c) the date of termination of his employment with the Policyowner ...".
It follows that plaintiff, as a reasonable businessman, was not misled into believing the policy would provide coverage to him if the true facts of his non-employee status were made known to the insurance company. Any such belief on his part would not have been reasonable under the circumstances.
In December, 1967, plaintiff was seriously injured in an automobile accident. Thereafter, he submitted claims for medical expenses and was paid a total of $3,872.47 by Pan American.
On August 31, 1968, Pan American canceled the group policy because of low participation, that is, less than ten participating employees.
In November, 1968, through a routine investigation on a claim by plaintiff, Pan American received information for the first time that plaintiff was not an employee of the policyholder. The claim was not paid.
From November 18, 1968, through October, 1969, plaintiff incurred medical expenses related to the injuries he received in the 1967 accident in a total amount of $2,404.85, most of the expenses being incurred in connection with hospitalization and surgery in September, 1969. Pan American refused to pay these claims based on the fact that plaintiff was never employed by the policyholder and, therefore, never covered by the policy. Plaintiff then filed this suit against the agent, Short.
Plaintiff relies on the well-settled general rule that recovery may be allowed to a prospective insured where the actions of the insurance agent are shown to be such as to warrant an assumption by the insured that he was adequately covered by suitable insurance. Arceneaux v. Bellard, 149 So. 2d 444 (La.App.3d Cir. 1963); Bourgeois v. Beeson-Warner Insurance Agency, Inc., 144 So.2d 563 (La.App.4th Cir. 1962); Brown v. Stephens Buick Company, 139 So.2d 579 (La.App.4th Cir. 1962); Fisk v. Kildare Truck Line, Inc., 112 So.2d 310 (La.App.Orl.Cir.1959); Smith v. Travelers Fire Insurance Co., 90 So.2d 586 (La.App. 2d Cir. 1956).
In Brown, the court pointed out that the cases where recovery has been allowed involved circumstances which would lead a reasonable person to believe he was covered by the desired insurance. The court denied recovery in Brown on a finding that the plaintiff could not have reasonably assumed she was covered.
Under the facts of the instant case, as more thoroughly discussed above, it must be concluded that plaintiff could not have reasonably assumed he was entitled to coverage under the group policy. As a reasonable man, plaintiff must have known coverage was dependent on employment, particularly in view of the plain provision of the certificate issued to him. Under such circumstances, he is not entitled to recover from the agent.
This entire situation is probably best summed up by the statement of Short when plaintiff called him to say that Pan American, after paying a substantial amount in claims, was refusing to pay further claims. Plaintiff testified Short said: "It was good while it lasted".
For the reasons assigned, the judgment of the district court is affirmed at appellant's cost.
Affirmed.