STOULIG, Judge.
Plaintiff, The Bank of New Orleans and Trust Company, obtained a judgment against Robert P. Sarbeck for the unpaid balance, interest and attorney fees due on a promissory note executed' by the defendant to finance the purchase of an automobile. Defendant has appealed.
*604 Two and one-half weeks after the defendant took delivery of a 1973 Lincoln automobile, on which the bank held a chattel mortgage to secure its loan, the car was heavily damaged in an accident. It was not insured for collision loss.
The defense asserted by the defendant is that plaintiff’s officer undertook the obligation of obtaining insurance on the vehicle and its negligent failure to do so not only relieved mortgagor from liability on the chattel mortgage note, but also rendered the bank liable for his damages, including vehicle damage, storage fees, and bank charges totaling $5,000[1], for which amount he reconvened.
The factual dispute between the litigants is simply whether Tom Piacon, an assistant to the manager of plaintiff’s Westbank branch, obligated the bank to obtain collision insurance on the Sarbeck automobile. The trial court resolved it in plaintiff’s favor and there is nothing in the record to suggest manifest error in this result; therefore, we affirm.
Mr. and Mrs. Sarbeck both testified Mr. Piacon, on the bank’s behalf, assumed the responsibility for buying their insurance on this car but they were unable to state the amount of the premium they were to pay or the method of payment, i. e. whether they would be billed directly by the agent or whether the bank would advance the premium and add it to their monthly car note.
Mrs. Sarbeck testified she gave Piacon the name of her insurance agent, Nolan Insurance Company, and was assured he would take care of everything. After the car was heavily damaged, defendant testified he visited his insurance agent and was informed by the Nolan office staff that Piacon had not placed the insurance.
Sarbeck signed the promissory note on November 24, 1972; the accident occurred on December 11, 1972; and despite the fact that defendant claims he learned shortly thereafter that Piacon failed to place the insurance, he nonetheless continued to make monthly payments on this note through February 1974.
Unfortunately Mr. Piacon was not available to testify because his whereabouts were unknown at the time of the trial. Sometime between the date of the loan and the date of trial, he retired from the bank after 25 years of service. A bank official testified plaintiff was unable to mail Pia-con his retirement checks because it did not have his current address.
Documentary proof tending to discredit defendant’s claim is the chattel mortgage form he signed which, inter alia, itemizes the charges included in the total loan. It specifically negates any charge whatsoever for insurance coverage.
Appellant complains the testimony of the branch manager, Victor Guedimin, should have either been excluded by the court as hearsay or alternatively discredited because it is contradictory. Because we agree with the latter, it is unnecessary to comment on the former. The quality of Mr. Guedi-min’s testimony has no effect on the result reached, because even if we ignore it, we cannot find the trial court erred in concluding Sarbeck failed to establish the bank agreed to act as his agent in obtaining insurance coverage.
The defense testimony is unconvincing. We do not conclude it is false, rather we feel Mr. and Mrs. Sarbeck misunderstood their discussion with Piacon, for it is unlikely the bank would have absorbed the cost of the premium or, if it advanced this charge, that it would not have capitalized it in the principal of the note.
Circumstances that have been deemed corroborative of claims similar to those of defendant are (1) proof the premium was *605 included in the amount financed; or (2) the premium had been billed and paid by mortgagor; or (3) an insurance policy had been issued. Brown v. Stephens Buick Company, 139 So.2d 579 (La.App. 4th Cir. 1962). We note the absence of any of these elements.
Two puzzling aspects of the case unexplained by defendant are (1) his failure to make a claim against the bank for negligently failing to place insurance until suit was filed against him; and (2) his continued payment of monthly installments long after the accident occurred. We are of the opinion there is nothing in the record to warrant the reversal of the judgment from which this appeal is lodged.
For the reasons assigned, the judgment appealed from is affirmed; costs of this appeal to be borne by appellant.

Affirmed.

. On the trial of the matter, plaintiff introduced a property damage estimate for $1,650.08 and storage charges of $740.78.