LYLE D. SCHNEIDER, PETER J. JOUFLAS, AND S J CORP., A NEVADA CORPORATION, APPELLANTS, v. CLYDE BIGLIERI, DOING BUSINESS AS WASHOE REALTY, RESPONDENT.

No. 9312

July 12, 1978                                               581 P.2d 8

*Hale, Lane, Peek, Dennison and Howard,* and *Robert D. Spitzer,* of Reno, for Appellants.

*McDonald, Carano, Wilson, Bergin & Bible,* and *John J. Frankovich,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

The sole issue on this appeal is whether the trial court had before it sufficient evidence to conclude as it did that respondent Biglieri, a licensed real estate broker, was the "procuring cause" of a series of leases in the Capitol Plaza office development in Carson City.

In late 1972, Biglieri entered into an oral contract with appellants Schneider and Jouflas, as S J Corp., under which Biglieri was to procure lessees for an office development then under construction in Carson City.[1] Seeing the various agencies of the state government as ideal potential lessees, Biglieri then entered into a series of negotiations with the Superintendent of Buildings and Grounds. Under Nevada law, this officer has the exclusive authority to "lease and equip office rooms outside of state buildings." NRS 331.110.

After some five months of meetings and telephone calls between Biglieri and the Superintendent and his staff, appellants Schneider and Jouflas, with the permission of Biglieri, took over negotiations. These negotiations now included the directors of the various agencies whose relocation to the Capitol Plaza Development was under consideration. Between May 1973 and May 1974, the leases providing the basis for this appeal were consummated. All these leases contained terms substantially identical to those agreed upon in the initial negotiations between Biglieri and the Superintendent.

If a real estate broker has been a "procuring" or 'inducing" cause of a sale or lease, he is entitled to his agreed commission, "irrespective of who makes the actual sale [or lease] or terms thereof." Bartsas Realty, Inc. v. Leverton, 82 Nev. 6, 409 P.2d 627 (1966); Close v. Redelius, 67 Nev. 158, 215 P.2d 659 (1950). In defining what will constitute "procuring cause," we have required that the broker demonstrate "conduct that is more than merely trifling," Bartsas Realty, Inc. v. Leverton, *supra,* 82 Nev. at 9. "In non-exclusive [brokerage] situations, merely introducing the eventual purchaser [lessee] is not enough." *Id.*

---

[1] The validity of this contract is not in issue on this appeal.

The appellants sought to establish at trial that although the Superintendent of Buildings and Grounds is the sole state officer statutorily empowered to lease outside space, in reality it is the directors of the various agencies who seek out, negotiate, and consummate the outside leases. They thus sought to prove that Biglieri's admitted efforts in negotiating with the Superintendent and his staff had been meaningless.

However, the testimony at the trial established that, whatever the role of the various agency directors in the consummation of the Capitol Plaza leases, the Superintendent of Buildings and Grounds and his staff were significantly involved at each stage of negotiations, in fact signed all the leases, and possessed the power, exercised in one situation, to refuse an agency request for permission to relocate outside the state system. This being so, we think that the trial court was justified in concluding that the considerable efforts expended by Biglieri in his negotiations with the Superintendent's office entitled him to his commissions for the leases ultimately consummated with the various agencies of the state. Havas v. Carter, 89 Nev. 497, 515 P.2d 397 (1973); Allen v. Webb, 87 Nev. 261, 485 P.2d 677 (1971).

Affirmed.