DOMENGEAUX, Judge.
This is an appeal from a tort suit which resulted from a tragic and heartrending episode whereby two vehicles collided, causing the death of two brothers and critically injuring a third person. Plaintiffs in this suit are Camelia Vidrine, Interdict, through her curator, Donald Reed; Early Vidrine, Camelia’s husband; Anna Lou Bal-fa, wife of the deceased, Rodney P. Balfa; Rodney’s surviving children, Tony Pierre Balfa, Patricia Ann Balfa, and Marie Angela Balfa, (minor, through her tutor, Anna Lou Balfa); Mary Euna Balfa, wife of the deceased Will Balfa; and Will’s surviving children, Mary Jane Cormier and James Davis Balfa. The sole remaining defendant in this suit is the State of Louisiana, through the Department of Transportation and Development (State).[1] Trial was held on November 25, 1981, after which the district judge held in favor of the defendant State dismissing plaintiffs’ claims against it. Our review of the record constrains us to affirm the judgment of the district court.
The substantial issue at trial as well as on appeal is whether the Louisiana Department of Transportation and Development was negligent, and was that negligence a proximate cause of the accident.[2]
The trial judge in a written opinion made the following findings of fact which in pertinent part we adopt as our own:
“On or about Feb. 6, 1979, David Morgan Brewer (Brewer), an employee of Brewer-Ninestadt Lumber Company, was driving in a southerly direction on U.S. Highway 71, in Avoyelles Parish about a quarter of a mile north of Bunkie and was attempting a left turn onto the driveway of Helena Chemical Company. At the same time Will Balfa (Balfa) was driving in a northerly direction on U.S. Highway 71, in Avoyelles Parish, about a quarter of a mile north of Bunkie. Passengers in the Balfa Vehicle were Rodney P. Balfa and Camelia Vidrine. A southbound vehicle driven by Richard Williams (Williams) approached the halted Brewer vehicle, went out of control after it had descended from an overpass, and collided with the Balfa vehicle. Will Balfa and Rodney Balfa have died as a result of the accident. Camelia Vidrine was severely injured. The collision occurred on U.S. Highway 71, approximately in front of the Helena Chemical plant some 400 feet south of the south foot of the overpass located about a quarter of a mile north of Bunkie, in the northbound lane of traffic.”
At the time of the accident it was either raining or had just stopped raining.
On appeal plaintiffs contend that the trial court erred in:
(1) allowing the State’s project engineer to testify to the posted speed limits on the date of the accident, contrary to the State’s *1295 allegations stated in pre-trial discovery; and
(2) holding that plaintiffs failed to prove by a preponderance of the evidence that the State was negligent in improperly constructing, maintaining, signing, designing, supervising, and inspecting the overpass and surrounding area.
Plaintiffs aver that the overpass was improperly signed and therefore defective because the posted speed limit at the time of the accident was 55 miles per hour. Norman Ficklin, a consulting traffic engineer who was called by the plaintiffs as an expert witness, testified that the overpass should be posted at a maximum speed of 45 miles per hour in order to insure its safety. At trial the district judge allowed defendant’s project engineer to testify that the posted speed limit on this particular strip of highway was 45 miles per hour rather than 50 miles per hour as stated in defendant’s Answers to Interrogatories. Upon review of the record, we find that if the trial court did err, such error was harmless.
Prior to trial plaintiff settled with the owner of the Williams vehicle and assumed the defense of a third party action filed against them. The uncontradicted testimony of Mr. Williams is that he thought the speed limit going over the overpass was 45 miles per hour, and that he was only going 40 to 45 miles per hour just prior to hitting his brakes and losing control of his vehicle. Even assuming arguendo that the posted speed limit was 55 miles per hour, it seems obvious to us that this assumed fact would be irrelevant. Mr. Williams was only traveling 40 to 45 miles per hour, so even if the overpass and its surrounding area was improperly signed at 55 miles per hour, that fact did not proximately cause the accident, since Williams was traveling within the speed recommended by Mr. Ficklin. Williams v. Trawick, 393 So.2d 909 (La.App. 4th Cir.1981).
In his written opinion the district court judge concluded that the plaintiff failed to prove by a preponderance of the evidence that the defendant State was negligent in the construction, maintenance, signing, supervision and inspection of the overpass and surrounding area, and that said negligence was a proximate cause of the accident.
A trial court’s conclusion of fact and evaluation of credibility of witnesses must be given great weight by an appellate court and should not be disturbed in the absence of manifest error.
In Rossiter v. Aetna Casualty & Surety Company, 255 So.2d 103 (La.App. 2nd Cir. 1971), the court addressed the issue of proximate cause, which must be considered in the analysis of any tort ease, as follows:
“... To the contrary, the rule is well established in our jurisprudence that such negligence, or any negligence, is not actionable unless it constitutes a proximate cause of the injury upon which the action is based.
A proximate cause is generally defined as any cause which, in natural and continuous sequence, unbroken by any efficient, intervening cause, produces the result complained of and without which the result would not have occurred, and from which it ought to have been foreseen or reasonably anticipated by a person of ordinary prudence in the exercise of ordinary care that the injury complained of, or some similar injury, would result therefrom as a natural and probable sequence.
Thus, wrongful conduct, to constitute actionable negligence, must be a cause-in-fact of harm to another and constitute a substantial factor in bringing about that harm.
A determination of the question of proximate cause in a tort action is dependent largely upon the facts and circumstances of each individual case.... ” (Citations omitted).
In this case the record supports the trial court’s conclusions that the State was free of any negligence, design or otherwise, which proximately caused the accident. According to those who witnessed this tragic accident, it appeared that as Williams descended the south ramp of the overpass he applied his brakes and skidded into plain *1296 tiff’s lane of travel. Although Williams stated that before skidding to his left his front right tire ran off of the road onto the shoulder, the other witnesses, testified that it did not. Plaintiff’s own expert, Mr. Fick-lin, testified that in his opinion the overpass could be safely negotiated at 55 miles per hour, and according to Mr. Ficklin, if a vehicle was traveling at 45 miles per hour installation of other warning signs would probably not be necessary. The record is void of any other evidence tending to show any defect in the overpass which was a cause-in-fact of the accident. In fact, the evidence preponderates in favor of a finding that the accident resulted solely from the failure of Mr. Williams to maintain control of his vehicle as he descended the overpass.
For the above and foregoing reasons the judgment of the district court is affirmed at appellants’ costs.
AFFIRMED.

. Before trial plaintiffs settled with Richard Williams (the driver of the other vehicle, Bol-lick Distributors, Inc., Williams’ employer), and the Employer’s Fire Insurance Company (Bol-lick’s insurer), for a total sum of $372,000.00. Additionally, several other co-defendants had been dismissed by the trial judge prior to trial.

. This was a bifurcated trial in which only the issue of liability was decided.