DOUCET, Judge.
The Louisiana Farm Bureau Mutual Insurance Company, plaintiff-appellant, instituted this action against Walter Knotts, defendant-appellee, seeking declaratory relief regarding the construction of a Homeowner’s insurance policy and an accompanying Personal Umbrella policy issued by the plaintiff to the defendant. The plaintiff-appellant is appealing the trial court’s judgment which held the appellant liable for attorneys’ fees incurred by the defendant in successfully defending against a wrongful death suit filed against Mr. Knotts.
On September 17, 1980, Juan Lumbrera was killed in a gas explosion at the Yarbor-ough Gin and Elevator Company cotton gin. The decedent’s heirs filed a wrongful death action against Mr. Knotts alleging that Mr. Knotts supplied Yarborough with natural gas for its operation and that he failed to properly odorize the natural gas which was supplied to the cotton gin. The petition alleged that this omission resulted *503 in the explosion which caused the death of the decedent.
At the time of this fatal explosion, the plaintiff-appellant had issued two insurance policies to Walter Knotts. The first policy was a basic Homeowner’s policy which specifically excluded coverage of the business pursuits of the insured. Subsequent to the issuance of the Homeowner’s policy, Mr. Knotts contracted for a Personal Umbrella Liability policy which also excluded coverage of the insured’s business pursuits except for farming operations.
Upon notice of the wrongful death suit entitled Juanita H. Lumbrera, et al. v. Walter Knotts, et al., No. 13,789, Seventh District Court, Catahoula Parish, Mr. Knotts joined several third parties and requested that the plaintiff-appellant provide a defense in the matter pursuant to the insurance policies. The plaintiff-appellant took the position that the explosion was related to a business pursuit of the insured and not a farming operation, thereby relieving the appellant of its contractual duty to provide a defense. Mr. Knotts’ defense was successful and he was eventually dismissed from the lawsuit, but The Louisiana Farm Bureau Insurance Company still refused to reimburse Mr. Knotts for the legal fees incurred in successfully defending against the wrongful death suit. Consequently, the plaintiff-appellant sought a judicial construction of the insurance policies vis-a-vis its potential liability and duty to defend in the underlying tort suit. Plaintiff sought a declaratory judgment that it was not liable on the policies nor obligated to provide the defense in the wrongful death suit.
The trial judges held that the Homeowner’s policy does not obligate Louisiana Farm Bureau to provide a defense or any coverage in the wrongful death suit. However, the trial court held that the Personal Umbrella policy obligated the plaintiff-appellant to provide its insured with a defense of the Lumbrera wrongful death suit and awarded Mr. Knotts $750.00 in attorney’s fees. The plaintiff-appellant perfected this suspensive appeal and assigns the two following errors to the trial court: That the trial court erred in finding that the Umbrella policy obligated the appellant to provide its insured with a defense in the matter entitled Juanita H. Lumbrera, et al, v. Walter Knotts, et al, No. 13,789, Seventh Judicial District Court, Catahoula Parish, Louisiana; and that the trial court erred in awarding $750.00 to defendant-appellee in attorney’s fees. In short, the issue on this appeal is whether, the selling of natural gas to Yarborough for profit was a farming operation for the purposes of determining the appellant’s contractual obligations to Mr. Knotts to provide a defense against the Lumbrera wrongful death suit.
The allegations of plaintiff’s petition relate to the insurer’s duty to defend suits brought against its insured. The insurer is under an obligation to provide its insured with a defense if the well-pleaded allegations taken as true allege that there was both coverage under the policy and liability of the insured to the plaintiff, regardless of the outcome of the case. Unless the plaintiff’s petition unambiguously excludes coverage, the insurer is obligated to provide its insured with a defense. ADA Resources v. Don Chamblin & Associates, 361 So.2d 1339 (La.App.3rd Cir.1978). In order to determine if the policy unambiguously excludes coverage, one looks to the language of the policy itself. Michel v. Ryan, 373 So.2d 985 (La.App.3rd Cir.), writ denied, 376 So.2d 319 (La.1979); West Brothers of Deridder, Louisiana, Inc. v. Morgan Roofing Company, Inc., 376 So.2d 345 (La.App.3rd Cir.1979).
The language at issue in the Personal Umbrella Policy reads as follows:
“EXCLUSIONS
This policy shall not apply:
(H) ... (1) to any business pursuits or business property (other than farms) of an insured except to the extent that insurance therefore is provided by an underlining policy or insurance described in schedule A, nor (2) to the rendering of *504 any professional service or the admission thereof.”
The Lumbrera petition alleges that Mr. Knotts supplied natural gas to Yarborough which operated a facility which processes agricultural produce and that certain omissions of Mr. Knotts in the course of the delivery of the natural gas to Yarborough was the cause of the explosion that caused the decedent’s death. Taking these allegations as true, we cannot say that the Umbrella Policy unambiguously excludes coverage for the delivery of natural gas to an agricultural produce processing facility. While the policy exclusion clearly excludes business pursuits, this same exclusion parenthetically excepts farming pursuits from this policy exclusion. Although the sale and delivery of natural gas in itself does not appear to be a farming activity, the record indicates that Mr. Knotts had used his gas pipeline as part of his original farming operation prior to his retirement and after which he merely continued to supply this natural gas to another party who used the gas in a farming operation.
We are not deciding whether there would be actual insurance coverage under the policy but merely whether the Lumbrera petition’s allegations, if taken as true, would unambiguously be outside the scope of the Umbrella policy. We hold that the petition’s allegations constitute a cause of action which would come within the scope of the policy. Therefore, pursuant to this policy, the plaintiff-appellant was contractually bound to provide its insured with a defense of the Lumbrera lawsuit. Therefore, the plaintiff-appellant owes its insured for whatever costs were incurred in the successful defense of the Lumbrera suit.
The trial court awarded the defendant-appellee $750.00, apparently for the costs incurred in defending against this declaratory action. Defendant filed a reconven-tional demand for damages incurred as the result of plaintiff’s wrongful failure to defend the suit. An additional $1,500.00 is awarded to Mr. Knotts for the costs incurred in defending his interests in the Lumbrera lawsuit along with all court costs. Accordingly, we amend the judgment to an award of $2,250.00 for the costs incurred by the defendant-appellee in defending against the Lumbrera suit and in defending against this declaratory action.
For the foregoing reasons, the judgment of the trial court is affirmed and amended. Costs of this appeal are to be paid by the plaintiff-appellant.
AFFIRMED AND AMENDED.