609 So.2d 306 (1992)
Vernon HUTCHINS, Plaintiff-Appellee,
v.
HILL PETROLEUM COMPANY, et al., Defendants-Appellants.
No. 92-357.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1992.
Rehearing Denied December 22, 1992.
*307 Laborde & Neuner, Robert E. Torian, James L. Pate, Lafayette, for defendants-appellants.
Joseph F. Gaar, Wm. Hawkland, Lafayette, for plaintiff-appellee.
Pucheu & Pucheu, Jacque B. Pucheu, Eunice, for defendant-appellee, Artigue Const.
Juneau, Judice, Kraig T. Strenge, Lafayette, for defendant-appellee-Hill Petroleum.
Before DOMENGEAUX, C.J., GUIDRY and YELVERTON, JJ., and COREIL[*] and PATIN[*], JJ. Pro Tem.
JOSEPH E. COREIL, Judge Pro Tem.
Dupre-Carrier-Godchaux Insurance Agency, Inc. (Dupre-Carrier), Harold Carrier, and Employers Reinsurance Corporation, third party defendants-appellants, have appealed from a judgment awarding Artigue Construction Company, Inc. (Artigue), third party plaintiff-appellee, lost profits and attorney's fees sustained as a result of Dupre-Carrier's failure to name Hill Petroleum Company, Inc. (Hill), as an additional insured on Artigue's insurance policy.
This appeal has been consolidated with Vernon Hutchins v. Hill Petroleum and Saloman Brothers, Inc. (our docket number 91-365), which involves the primary claim of Vernon Hutchins, plaintiff, against *308 Hill, defendant, as well as the third party claim of Hill against Artigue. Our decision in that case is rendered this date and is reported at 609 So.2d 312 (La.App. 3 Cir. 1992).
Briefly restating the facts giving rise to this action, Vernon Hutchins was employed by Artigue and was injured while Artigue was under a labor contract with Hill. Hutchins sued Hill for his injuries. This suit spurred two incidental actions, including Hill's third party demand against Artigue, pursuant to the labor contract which was in effect, seeking indemnification from Artigue. In response to that third party demand, Artigue filed a third party demand against Dupre-Carrier, its liability insurer. This third party demand was severed from the main demand and Hill's third party demand against Artigue. It is this third party demand which is the subject of this appeal.
For the past several years, Artigue's president, Leroy Artigue, employed Dupre-Carrier as its insurance agency to handle all of its insurance needs. In July of 1987, Mr. Artigue employed Dupre-Carrier to keep Artigue fully insured as per the requirements of its contract with its chief customer, Hill, and to fulfill all the insurance requirements as set out in the labor contract between Artigue and Hill. In this contract, Hill required that Artigue name them as an additional insured in its liability policies.
In its third party demand, Artigue claims Dupre-Carrier was advised of the requirement that Hill be named as an additional insured and of the importance of meeting that requirement. Artigue further claims that Dupre-Carrier, through Harold Carrier, its agent, assured Artigue that those requirements would be met.
It wasn't until Hill's third party demand against Artigue that it was discovered that Hill had never been named as an additional insured on the insurance policies. Artigue alleges that since Hill was not covered as required, Hill terminated its labor agreement with Artigue. Artigue prayed for damages for lost profits and for attorney's fees.
The trial court found Dupre-Carrier 75% negligent in failing to name Hill as an additional insured. The trial court also found Artigue 25% negligent in failing to protect its own interest. In addition, the trial court found Dupre-Carrier's failure to name Hill as an additional insured a legal cause of the contract termination. The trial court went on to award damages of lost profits fixed at $100,000. The trial court likewise awarded $7,500 to Artigue for attorney's fees incurred by Artigue in defending the third party demand of Hill. A judgment was rendered awarding Artigue $80,625, together with legal interest from August 31, 1988, the date of judicial demand, until paid. It is from this judgment that Dupre-Carrier appeals.
On appeal, Dupre-Carrier specified seven assignments of error:
I. The Trial Court Erred in Finding That Artigue Established its Burden of Proof That Dupre, Carrier Agreed to Procure Additional Insured Coverage for Hill..........
II. The Trial Court Erred in Finding That Dupre, Carrier's Alleged Negligence was the Cause of Hill's Decision Not to Renew the Labor Contract with Artigue...............
III. The Trial Court Erred in Finding That Hill's Decision Not to Renew the Labor Contract Was Encompassed Within the Alleged Duty of Dupre, Carrier to Provide Additional Insured Coverage to Hill................
IV. The Trial Court Erred in Denying Dupre, Carrier's Exception of No Cause of Action Based Upon Louisiana's Refusal to Recognize Claims for Tortious Interference With Contracts..................
V. The Trial Court Erred in Awarding Artigue $100,000 in Lost Profits Resulting From Hill's Decision Not to Renew the Labor Contract With Artigue..............
VI. The Trial Court Erred in Refusing to Find That Artigue Failed to Mitigate Any Damages it May Have Sustained
VII. The Trial Court Erred in Awarding Attorneys Fees Against Dupre, Carrier.....
*309 We find it necessary to consider only assignments one, five and seven in our resolution of this case.
At the outset, we must decide what Artigue's suit is about when the pleadings are stripped of labels and conclusions. Artigue's basis for recovery, simply put, is about Dupre-Carrier's failure to use due diligence to procure the desired coverage. What Artigue desired is that Hill be named as an additional insured under Artigue's policy. Under Louisiana law, in Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d 728 (La.1973), the Supreme Court states, at page 730:
"An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage. C.C. 3002 and 3003; Kieran v. Commercial Union Insurance Company of New York, 271 So.2d 889 (La.App. 4th Cir. 1973); Hight v. Stewart, 265 So.2d 640 (La.App. 2d Cir.1972); Bordelon v. Herculean Risks, Inc., 241 So.2d 766 (La. App. 3d Cir.1970); Shrv Teletype Coin Exchange, Inc. v. Commercial Union Insurance Company of New York, 191 So.2d 208 (La.App. 2d Cir. 1966); Arceneaux v. Bellard, 149 So.2d 444 (La.App. 3d Cir.1963); Brown v. Stephens Buick Company, 139 So.2d 579 (La.App. 4th Cir.1962)."
The elements of proof required to prove a claim alleging an insurance agent's failure to obtain coverage are: (1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client properly if he has failed to obtain the insurance; and (3) the actions of the agent warranted an assumption by the client that he was properly insured. Karam, supra; McCartney v. State Farm Ins. Co., 567 So.2d 1168 (La. App. 3 Cir.1990), writ denied, 569 So.2d 974 (La.1990).
Artigue performed services pursuant to a labor contract with Hill for several years. The labor contract, renewable annually in August, had always required that Artigue obtain certain limits of insurance through its agent, Dupre-Carrier.
In August and September, 1987, Artigue and Hill negotiated the new labor contract for 1987/1988. This contract, executed on September 4, 1987, had a change in its insurance requirements. In addition to the requirements of certain coverage and limits, the new contract provided that Hill be named as an additional insured on those policies of insurance.
Carranelle Alston, an employee of Artigue, testified that shortly after the execution of the contract Harold Carrier picked up the labor contract from Mr. Artigue's office. Mrs. Alston testified that at this time Mr. Artigue and Mr. Carrier had a conversation out of her presence in Mr. Artigue's office.
Mr. Artigue testified that on this occasion, he notified Harold Carrier of the insurance requirement. Mr. Artigue testified, to-wit:
Q. "After you told him that the contract required that Hill be named as an additional insured, what did Mr. Carrier say?
A. Well, he asked me if it was on one policy or all of them, and I told him I didn't knowI don't know anything about insurancethat he would have to talk to Mr. Warnken and I would call Mr. Warnken and tell him that, you know, Dupre-Carrier was carrying the insurance, you know, that's who I gave the business to, and that he could talk to him and Mr. Warnken would explain to him what he wanted."
Shelton Warnken, the manager of administration at the Hill plant, also testified at trial. He stated that during a meeting *310 with Mr. Artigue, approximately two weeks after the contract was executed, Mr. Artigue placed a telephone call from his office speaker phone regarding the insurance issue. Mr. Warnken's version is as follows, to-wit:
Q. "What did you say to Mr. Carrier in this phone conversation that took place roughly within two weeks of the signing of Plaintiff's Exhibit No. 3?
A. Actually, Mr. Carrier said he only had on [sic] question, and that was whether we wanted to be named additional assureds in all the policies or just on the workmen's comp policy, and I told him that we wanted to be named additional assured on all the liability policies."
Leroy Artigue's testimony also verified this conversation.
Harold Carrier denied that he had ever been given a copy of that 1987/1988 Hill/ Artigue contract. He further denied that he had ever spoken to Mr. Artigue or Mr. Warnken about the requirement that Hill be named as an additional insured before April of 1988.
Based on this evidence, the trial judge concluded that Harold Carrier and Dupre-Carrier were negligent. A trial court's conclusion of fact and evaluation of credibility of witnesses must be given great weight by an appellate court and should not be disturbed in the absence of manifest error. Vidrine v. Helena Chemical Co., 420 So.2d 1293 (La.App. 3 Cir.1982). We find no manifest error in this resolution of the conflicting factual testimony.
Artigue claims the failure of Dupre-Carrier to name Hill caused Hill not to renew its labor agreement with Artigue. Artigue asks for damages for lost profits as a result of the non-renewal.
In this case, lost profits are not a recoverable item of damage; although, broadly stated, in ordinary negligence cases or breach of contract cases, lost profits may be recoverable as a natural and necessary result of that negligence or breach. However, Louisiana courts recognize that a party who claims that an insurance agent failed to use due diligence to procure insurance (in this case, to add Hill as an additional insured) cannot recover for losses that are not within the scope of the coverage that the party actually requested. Bell v. Precision Motors, Inc., 299 So.2d 886 (La.App. 4 Cir.1974); Foster v. Nunmaker Discount Co., 201 So.2d 215 (La. App. 4 Cir.1967); Foreman v. General Elec. Credit Corp., 344 So.2d 1140 (La. App. 3 Cir.1977); Nastasi v. Fejka, 556 So.2d 1307 (La.App. 5 Cir.1990).
The law on recoverable damages is clear in negligence based actions against an insurance agent. Artigue may only recover for losses it would incur within the scope of the contract had Hill been named. There is no clause in the insurance policies which includes coverage for losses resulting from a delay in or lack of performance of a contract or agreement by or on behalf of Artigue.
As a result of our decision on the main demand, Hill is immune from tort liability. Therefore, Artigue suffers no loss that falls within the scope of the coverage had Hill been named.
Under the circumstances, we don't reach the issue of the amount awarded for lost profits. Assuming arguendo, however, that the damage for lost profits is recoverable in this situation, we find that Artigue did not establish its claim for lost profits. The well established rule in Louisiana law regarding lost profits damages resulting from an offense or quasi-offense must be proven with reasonable certainty, and claimed damages which are conjectural or mere estimates will not support an award for loss of profits. Vizinat v. Transcontinental Gas Pipeline Corp., 552 So.2d 1237 (La.App. 3 Cir.1989), writ denied, 558 So.2d 586 (La.1990); Meyers v. Imperial Casualty Indemnity Co., 451 So.2d 649 (La.App. 3 Cir.1984); Dubois v. State Through Dept. of Pub. Safety, 466 So.2d 1381 (La.App. 3 Cir.1985); Gulf American Industries v. Airco Industrial Gases, 573 So.2d 481 (La. App. 5 Cir.1990); Wasco, Inc. v. Economic Development Unit, Inc., 461 So.2d 1055 (La.App. 4 Cir.1984), writ denied, 465 So.2d 738 (La.1985).
*311 In his reasons, the trial judge did observe the principle of these cases, yet awarded the damages:
"The question of loss of property [profits] is confusing to this court; plaintiff did not establish its claim with great precision, but it has suffered a substantial loss and is entitled to a fair minimum on a general view of all the evidence pertinent to that decision. This I fix at $100,000."
The trial judge clearly erred in awarding those damages as there was no foundation whatsoever for the award.
Artigue also claimed, in the form of damages, attorney's fees incurred in its defense of the third party demand of Hill. The trial court awarded Artigue $7,500 in attorney's fees incurred by Artigue as a result of an indemnity provision contained in Artigue's contract with Hill and stated, in its reasons for judgment:
"(6) Artigue's claim for attorney fees is not for that done in making this claim against Dupre-Carrier; attorney fees for such are clearly not allowed; the attorney fees claim is for the cost of defending the claim against Artigue by Hill; this is an item of damage generated by that claim against Artigue and is rightly part of Artigue's recovery herein."
We agree with the trial judge. With certain exceptions, attorney's fees are not recoverable as an item of damages except where authorized by statute or contract. See Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756 (La. 1985). In insurance cases, the failure of an insurer to defend renders it liable for the expenses incurred by the insured, including reasonable attorney's fees. The duty to defend is determined by the allegations of the petition and not by the outcome of the suit. Unless the plaintiff's petition unambiguously excludes coverage, the insurer is obligated to provide its insured with a defense. See La. Farm Bureau Mut. Ins. Co. v. Knotts, 466 So.2d 502 (La.App. 3 Cir.1985).
In American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969), the Louisiana Supreme Court fashioned the following test to determine if the insurer has the duty to defend its insured:
"Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured."

Czarniecki, 230 So.2d at 259.
The insurance agreement by Dupre-Carrier to Artigue provides:
"SECTION ICOVERAGES COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. Insuring Agreement.
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTSCOVERAGES A AND B. This insurance applies only to `bodily injury' and `property damage' which occurs during the policy period. The `bodily injury' or `property damage' must be caused by an `occurrence.' The `occurrence' must take place in the `coverage territory.' We will have the right and duty to defend any `suit' seeking those damages. But:
(1) The amount we will pay for damages is limited as described in SECTION IIILIMITS OF INSURANCE;
(2) We may investigate and settle any claim or `suit' at our discretion; and
(3) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of *312 judgments or settlements under Coverages A or B or medical expenses under Coverage C.
b. Damages because of `bodily injury' include damages claimed by any person or organization for care, loss of services or death resulting at any time from the `bodily injury.'
c. `Property damage' that is loss of use of tangible property that is not physically injured shall be deemed to occur at the time of the `occurrence' that caused it."
"2. Exclusions.
This insurance does not apply to:
. . . .
e. `Bodily injury' to:
(1) An employee of the insured arising out of and in the course of employment by the insured; or
(2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above.
This exclusion applies:
(1) Whether the insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
This exclusion does not apply to liability assumed by the insured under an `insured contract.'"
The term "insured contract" is defined, in pertinent part, as:
. . . .
"g. That part of any other contract or agreement pertaining to your business under which you assume the tort liability of another to pay damages because of `bodily injury' or `property damage' to a third person or organization, if the contract or agreement is made prior to the `bodily injury' or `property damage.' Tort liability means a liability that would be imposed by law in the absence of any contract or agreement."
The allegations of the controlling petition, the third party demand of Hill seeking indemnification, clearly set forth grounds that bring the claims within the scope of Dupre-Carrier's duty to defend the third party demand. The indemnification clause of the Artigue/Hill labor agreement falls within the definition of "insured contract." It is an exclusion to the exclusions of the general liability coverage. In other words, Vernon Hutchins' injuries and the indemnification to Hill may be covered under the general liability coverage.
Hill's demand does contain allegations which, if proven, subject Artigue to liability under the indemnification agreement. See Mason v. Stauffer Chemical Co., 461 So.2d 589 (La.App. 1 Cir.1984). With the finding of coverage, there exists a duty to defend. Therefore, we find no error in the trial judge's award of $7,500.
We agree as to the trial court's finding of negligence; however, the trial court erred in awarding, as an element of damages, lost profits. We affirm the award of attorney's fees in the amount of $7,500, subject to a reduction of 25%, the percentage of fault assigned to Artigue by the trial court. We reverse the judgment in favor of Artigue and against Dupre-Carrier awarding Artigue $80,625.
Costs of this appeal are assessed one-half to Dupre-Carrier and one-half to Artigue.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[*] HONORABLE JOSEPH E. COREIL, Retired, and HONORABLE JOHN A. PATIN, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.