WATSON, Justice.[1]
An insurance agency failed to insure its client’s contractual indemnity obligations under a labor contract. The client claimed damages from non-renewal of the contract. The issues are: (1) fault of the insurance agency; (2) causal connection between any *650 fault and non-renewal of the contract; and (3) proof of damages.
Artigue Construction Co., Inc. had a maintenance contract with Hill Petroleum Company between August 1, 1985, and August 1, 1986. Artigue and Hill entered into new contracts for 1986/1987 and 1987/1988. All three contracts had an indemnity clause specifying that Artigue would hold Hill harmless. The 1987/1988 contract also required that Hill be named as an additional insured on Artigue’s insurance policies. There were other changes in the 1987/1988 contract, which made it less profitable for Artigue.
Vernon Hutchins, an employee of Artigue working at Hill’s refinery, was injured and sued Hill in tort for negligence. Hill filed a third-party demand against Artigue under the hold harmless provision in the contract. It developed that Hill had not been named as an additional insured on Artigue’s policies. Artigue did not provide a defense for Hill, and Hill did not renew the labor portion of its contract with Artigue. Artigue’s laborers became direct employees of Hill for 1988/1989.
Artigue filed a third-party demand against its insurance agent, the Dupre-Carrier-God-chaux Insurance Agency, Inc., and agent Harold Carrier for failing to include Hill as an additional insured. Artigue asked indemnity for any liability to Hill and damages from non-renewal of the Artigue/Hill contract.
Hutchins’ claims against Hill were tried by a jury. The jury awarded Hutchins damages of $201,783 for Hill’s negligence. The trial court dismissed Hill’s third-party indemnity demand against Artigue because of the Louisiana Oilfield Anti-Indemnity Act, LSA-R.S. 9:2780.
The court of appeal reversed the jury verdict on the ground that Hill was the statutory employer of Hutchins. See Hutchins v. Hill Petroleum Co., 609 So.2d 312 (La.App. 3d Cir.1992). That decision is now final. Thus, the third-party demand of Hill against Artigue and Artigue’s indemnity claim are moot.
There was a separate bench trial of Artigue’s claim against the insurance agency for lost profits from non-renewal of the Hill contract. Although there was a factual dispute about fault, the failure to name Hill as an additional insured was found to be a legal cause of the contract’s non-renewal. The trial court found Harold Carrier and the Dupre-Carrier agency 75 percent at fault in failing to name Hill as an additional insured and Artigue 25 percent at fault for lack of prudence. Noting that the question was “confusing” because lost profits were not established with “great precision,” the trial court fixed Artigue’s lost profits at $100,000. Artigue’s attorney’s fees for its defense of Hill’s third-party demand were fixed at $7,500. Judgment was rendered in favor of Artigue against Harold Carrier, the Dupre-Carrier agency and their insurers for $80,-625. The Carrier defendants appealed from the judgment.
The court of appeal affirmed the attorney’s fees, but reversed the judgment for lost profits. Hutchins v. Hill Petroleum Co., 609 So.2d 306 (La.App. 3d Cir.1992). The court of appeal based its reversal of the lost profits’ award on two grounds: (1) Artigue could not recover for losses beyond the scope of the insurance contract’s coverage; and (2) Artigue did not prove it lost profits as a result of the non-renewal. A writ was granted to review the judgment. 616 So.2d 675 (La.1993).

Fault of the Insurance Agent

There was a sharp conflict in the testimony on the fault issue. Agent Harold Carrier denied seeing the 1987/1988 contract until after Hutchins’ accident. Artigue and his secretary-bookkeeper, Karanell Alston, testified that Carrier had previously picked up a copy of the 1987/1988 contract. C airier also denied being instructed to name Hill as an additional insured. Another Artigue employee, Shelton Bailey Warnken, was a party to a phone conversation in which Carrier was orally instructed to add Hill as an insured. The conversation took place shortly after the 1987/1988 contract was signed. The trial court’s conclusion that the insurance agency was at fault is not clearly wrong.

Norir-Renewal of the Contract

The trial court concluded that the insurance agency’s negligence was a substantial factor in Hill’s decision not to renew the Artigue labor contract. Clinton E. Dyess, plant manager for Hill, testified that the primary reason for non-renewal of the con *651 tract was Artigue’s failure to name Hill as an additional insured. Ron Lewis, a senior vice-president with Hill, testified in deposition that the omission was a principal reason for the non-renewal. The trial court’s factual conclusion on causation is supported by the record.

Loss of Profits

In addition to fault and resulting non-renewal of the contract, Artigue had to prove damages. As the court of appeal found, the record shows that the contract had not been profitable. Two experts testified precisely as to company losses.
James L. Nicholson, Jr., a CPA partner in Dowling & Associates, started preparing monthly financial statements for Artigue in 1985. Nicholson testified that Artigue had a gross profit of $205,570.73 but a net operating loss of $32,990.82 from the 1987/1988 Hill contract. Another CPA, A. Anderson Har-tiens, corroborated the testimony that Artigue had a loss of $32,990.82 on the contract. The court of appeal correctly decided that Artigue did not prove any loss of profits from Hill’s failure to renew the contract. The trial court erred, as a matter of law, in awarding damages not proved at trial.
The question of the scope of the insurance agency’s tort liability is pretermitted.
For the foregoing reasons, the judgment of the court of appeal is affirmed.
AFFIRMED.
LEMMON, J., dissents and assigns reasons.

. Pursuant to Rule IV, Part 2, § 3, Calogero, C.J., was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993).